EMERALD OAKS HOTEL/CONFERENCE CENTER, INC., et al., Relators,

v.

The Honorable Antonio A. ZARDENETTA, Judge, Respondent.

No. C–8971.

Supreme Court of Texas.

Sept. 13, 1989.

Michael F. Pezzulli, Charles J. Fortunato, Dallas, for relators.

Don H. Magee, Austin, for respondent.

PER CURIAM.

 The issue in this original mandamus proceeding is whether an oral pronouncement and docket entry may be used in lieu of a written order to reinstate a cause previously dismissed for want of prosecution. A majority of the court answers no and holds that an order of reinstatement must be in writing and signed during the period of the trial court's plenary power and jurisdiction. The trial court's order of reinstatement conflicts with Texas Rule of Civil Procedure 165a(3) and *Walker v. Harrison*, 597 S.W.2d 913 (Tex.1980, orig. proceeding).

Relators Emerald Oaks Hotel/Conference Center, Inc., Allan Clark, and Joseph E. Casperone were named as defendants in a lawsuit filed by Pan Tex Hotel Corporation and Conference Center Development Corporation in December 1985. This lawsuit was dismissed for want of prosecution by written order signed on July 27, 1988.

Pan Tex timely filed a motion to reinstate. Tex.R.Civ.P. 165a(3). A docket entry indicates that on the day the motion to reinstate was filed, the trial court granted the motion and directed the attorney for Pan Tex to submit an order for signature. A written order reinstating the cause was not signed until November 30, 1988, 126 days after the date of the order of dismissal.

As required by rule, relator has first sought mandamus relief in the court of appeals. Tex.R.App.P. 121(a)(1). After that court refused relief, relator filed a motion in this court urging that the trial court's plenary power over its judgment of dismissal ended on November 9, 1988, that being 105 days after the order of dismissal. A majority of the court agrees.

■ Rule 165a(3) provides that a motion to reinstate is overruled by operation of law if "for any reason a motion for reinstatement is not *decided by a signed written order* within 75 days after the judgment is signed ..." (Emphasis added). Tex.R.Civ.P. 165a(3). Thereafter the court retains plenary power and jurisdiction over the cause for an additional 30 days. *Id.* No written order of reinstatement having been signed during this 105–day period, the judgment of dismissal became final, terminating the trial court's plenary power over its judgment. *Walker*, 597 S.W.2d at 915. A trial court's oral pronouncement and docket entry reinstating a cause is not an acceptable substitute for the written order required by rule. *See Clark and Co. v. Giles*, 639 S.W.2d 449, 450 (Tex.1982, orig. proceeding).

Relators' motion for leave to file petition for writ of mandamus is granted and, without hearing oral argument, a majority of the court conditionally grants the writ of mandamus to compel the trial court to vacate its order of November 30, 1988 reinstating the cause. Tex.R.App.P. 122. The writ of mandamus will issue only in the event the trial court fails to comply with the judgment of this court.