TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00347-CV






Bernard J. Dolenz, Appellant



v.



Texas Workers' Compensation Commission

and Liberty Mutual Insurance Company, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT

NO. 95-00874, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING 





 Bernard J. Dolenz, M.D., J.D., filed suit in a Travis County district court seeking review
of a decision of the Division of Medical Review ("DMR") (1) of the Texas Workers' Compensation
Commission ("Commission"). The district court dismissed the cause for want of jurisdiction. Dolenz
appeals the dismissal by asserting both statutory and constitutional bases for the district court's jurisdiction
over the cause. We will affirm.

 Dr. Dolenz provided medical services to an injured worker in late spring of 1993. The
insurance carrier, Liberty Mutual Insurance Company, apparently did not preauthorize the treatment and
rejected Dolenz's bill of $4,310 for the medical services rendered. There was no contention that the
employee's injuries were not compensable, but rather that the specific treatments provided by Dolenz were
not medically necessary and, for at least a portion of the treatment period, Dolenz was not an "approved
doctor." This medical-benefits dispute was submitted for resolution to the DMR. See Tex. Lab. Code
Ann. § 413.031(a) (West 1996). The DMR denied Dolenz's request to order reimbursement for the
disputed medical services. Dolenz then sought a hearing to review the DMR decision. See id. §
413.031(d). This hearing was scheduled by the Commission's Division of Hearings, but Dolenz failed to
appear. On January 3, 1995, following Dolenz's failure to appear at the hearing and subsequent failure to
offer any reason why he had failed to appear, the medical-benefits proceeding was dismissed.

 Thereafter, on January 23, 1995, Dolenz filed suit in district court seeking judicial review
of the dismissal of his administrative proceeding; the defendants filed timely answers. Almost two years
later, on September 25, 1996, the Commission filed a motion to dismiss the suit for want of prosecution. 
The district court signed an order dismissing the cause on October 4, 1996; this was a final and appealable
judgment. Even though the court's docket sheet shows that notice was mailed concerning this order, it is
asserted that the parties received no such notice. We will assume that notice was not received.

 On February 28, 1997, nearly five months after the dismissal order was signed, Dolenz filed
in the same district court cause number a pleading in which he sought judicial review of a January 30, 1997
decision of the State Office of Administrative Hearings ("SOAH") concerning this same medical-benefits
dispute. It appears that after Dolenz's earlier administrative proceeding had been dismissed, and after his
suit for judicial review of the administrative order had itself been dismissed, SOAH proceeded to conduct
a hearing on the matter on October 18, 1996 and, on January 30, 1997, issued a decision on the merits
adverse to Dolenz. (2) After Dolenz filed this new pleading, the Commission filed a plea to the jurisdiction
asserting that the district court did not have jurisdiction to review decisions of the DMR. On April 29,
1997, a hearing was held in which the district court purported to orally rescind its previous order dismissing
the cause for want of prosecution and signed an order dismissing the cause for want of jurisdiction.

 A motion to reinstate must ordinarily be filed within thirty days after an order for dismissal
for want of prosecution is signed or within the period provided by Rule 306a. See Tex. R. Civ. P. 165a(3). 
The beginning of that period of time may be tolled for up to ninety days if neither a party adversely affected
by the order nor his attorney has received notice of the order, which would result in a total of 120 days to
file a motion to reinstate. See Tex. R. Civ. P. 306a(4). If a motion to reinstate is timely filed by any party,
the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case
until thirty days after all such motions are overruled, either by a written statement and signed order or by
operation of law, whichever occurs first. Tex. R. Civ. P. 165a(3). Motions to reinstate are overruled by
operation of law seventy-five days after the judgment dismissing for want of prosecution is signed, or within
such time as Rule 306a may allow. Id.

 In the present case, the record does not contain a motion to reinstate. Accordingly, even
assuming that the parties here did not receive notice of the order dismissing for want of prosecution, the
district court no longer had the power to reinstate the cause on April 29, 1997, 207 days after the order
dismissing for want of prosecution was signed. Furthermore, a reinstatement order must be written, not
oral. See Emerald Oaks Hotel/Conference Center, Inc. v. Zardenatta, 776 S.W.2d 577, 578 (Tex.
1989) (order of reinstatement must be in writing and signed during the period of the trial court's plenary
power and jurisdiction). The only power the district court possessed on April 29, 1997, was the power
to declare that it had no jurisdiction.

 We affirm the district court's dismissal of the cause.



 

 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Affirmed

Filed: February 20, 1998

Do Not Publish
1. The DMR is a division of the Texas Workers' Compensation Commission and is maintained to ensure
compliance of health care providers, insurance carriers, and claimants with Commission rules relating to
health care. See Tex. Lab. Code Ann. § 413.002 (West 1996).
2. After January 1, 1996, review of DMR decisions was transferred from the Commission's Division
of Hearings to SOAH. See Act of May 3, 1995, 74th Leg., R.S., ch. 980, art. I, § 1.43, 1995 Tex. Gen.
Laws 4912, 4923 (codified as Tex. Lab. Code Ann. § 413.031(d)).



EM> §
413.031(d). This hearing was scheduled by the Commission's Division of Hearings, but Dolenz failed to
appear. On January 3, 1995, following Dolenz's failure to appear at the hearing and subsequent failure to
offer any reason why he had failed to appear, the medical-benefits proceeding was dismissed.

 Thereafter, on January 23, 1995, Dolenz filed suit in district court seeking judicial review
of the dismissal of his administrative proceeding; the defendants filed timely answers. Almost two years
later, on September 25, 1996, the Commission filed a motion to dismiss the suit for want of prosecution. 
The district court signed an order dismissing the cause on October 4, 1996; this was a final and appealable
judgment. Even though the court's docket sheet shows that notice was mailed concerning this order, it is
asserted that the parties received no such notice. We will assume that notice was not received.

 On February 28, 1997, nearly five months after the dismissal order was signed, Dolenz filed
in the same district court cause number a pleading in which he sought judicial review of a January 30, 1997
decision of the State Office of Administrative Hearings ("SOAH") concerning this same medical-benefits
dispute. It appears that after Dolenz's earlier administrative proceeding had been dismissed, and after his
suit for judicial review of the administrative order had itself been dismissed, SOAH proceeded to conduct
a hearing on the matter on October 18, 1996 and, on January 30, 1997, issued a decision on the merits
adverse to Dolenz. (2) After Dolenz filed this new pleading, the Commission filed a plea to the jurisdiction
asserting that the district court did not have jurisdiction to review decisions of the DMR. On April 29,
1997, a hearing was held in which the district court purported to orally rescind its previous order dismissing
the cause for want of prosecution and signed an order dismissing the cause for want of jurisdiction.

 A motion to reinstate must ordinarily be filed within thirty days after an order for dismissal
for want of prosecution is signed or within the period provided by Rule 306a. See Tex. R. Ci