COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-291-CV

 

 

JOHN EARL NOLLEY                                                            APPELLANT

 

                                                   V.

 

GARY MEDLIN AND ANITA CUTRER                                        APPELLEES

 

                                              ------------

 

            FROM
THE 67TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








On February 11, 2005, the
trial court dismissed Appellant=s case for want of prosecution. 
Accordingly, any motion to reinstate had to be filed by March 14,
2005.  See Tex. R. Civ. P. 165a(3).  On March 21, 2005, Appellant filed a
motion to reinstate; the motion has a handwritten attestation by Appellant that
it was drafted on March 16, 2005.  On
June 20, 2005, the trial court signed an order denying Appellant=s motion to reinstate the case. 
On August 2, 2005, Appellant filed his notice of appeal.

On August 9, 2005, we
notified Appellant that we were concerned we may not have jurisdiction over this
appeal because his notice of appeal was due  March 14, 2005 but was not filed until
August 2, 2005.  See Tex. R. App. P.  26.1.  We further stated that this case was
subject to dismissal unless Appellant filed a response showing grounds for
continuing the appeal.  See Tex. R. App. P. 42.3(a), 44.3. 








Appellant has filed a
response but it does not show grounds for continuing his appeal.  Appellant contends that because he is
also complaining of the trial court=s June 20, 2005 order denying his motion to reinstate,[2]
his notice of appeal was timely filed on August 2, 2005.  We disagree.  The time for filing Appellant=s notice of appeal began on the date the trial court signed the order
dismissing the case for want of prosecution.  See Tex. R. App. P. 26.1(a)(3); Maida v. Fire Ins. Exchange,
990 S.W.2d 836, 838 n.1 (Tex. App.CFort Worth 1999,
no pet.) (noting that for purposes of an appeal, the order dismissing the case
for want of prosecution is the final judgment); Weik v. Second Baptist
Church, 988 S.W.2d 437, 438 (Tex. App.CHouston [1st
Dist.] 1999, pet. denied) (holding that deadline for perfecting appeal from
order dismissing cause for want of prosecution runs from date of dismissal
order, not from date of trial court=s ruling on motion
to reinstate); Hosey v. County of Victoria, 832 S.W.2d 701, 703 (Tex.
App.CCorpus Christi
1992, no pet.) (same). 








A timely-filed motion to
reinstate would have extended the deadline for filing a notice of appeal until
May 12, 2005, which was 90 days from the date of the order dismissing the
case.  However, Appellant did not
timely file a motion to reinstate so the appellate deadline for filing
Appellant=s notice of
appeal was not extended.  See
Tex. R. Civ. P. 165a(3) (stating
motion to reinstate must be filed within 30 days after order of dismissal); Tex. R. App. P. 26.1(a) (providing that
notice of appeal must be filed within 30 days after judgment, or 90 days after
judgment if a timely motion to reinstate is filed).        Thus, Appellant=s notice of appeal was untimely. 
Therefore, it is the opinion of the court that this appeal should be
dismissed for want of jurisdiction. 
See Tex. R. App. P.
42.3(a), 43.2(f).  Accordingly, we
dismiss the appeal.

PER CURIAM

PANEL B: 
HOLMAN, WALKER, and McCOY, JJ.

DELIVERED:  October 13, 2005











[1]See Tex. R. App. P. 47.4.





[2] We
note that because the motion to reinstate was not timely filed, the trial court
lost plenary power on March 14, 2005, which was 30 days after the dismissal
order was signed.  See Tex. R. Civ. P. 329b(d).  Accordingly, any ruling on the merits of
the motion to reinstate after that time is void.  See Emerald Oaks Hotel/Conference
Ctr., Inc. v. Zardenetta, 776 S.W.2d 577, 578 (Tex. 1989) (orig.
proceeding) (holding that no written order of reinstatement having been signed
during court=s
plenary period, the judgment of dismissal became final, terminating the trial
court's plenary power over its judgment); Walker v. Harrison, 597 S.W.2d
913, 915 (Tex. 1980) (orig. proceeding) (AThis court has repeatedly held
that the time limits provided in rule 165a are mandatory and jurisdictional and
that orders of reinstatement entered after their expiration are void.@).  See also In re Dickason, 987 S.W.2d
570, 570-71 (Tex. 1998) (orig. proceeding) (holding trial court order signed
after expiration of plenary period is void).