COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-080-CV

 

IN THE INTEREST OF
R.C.M.,

S.R.M., AND J.W.M.,
CHILDREN

 

                                              ------------

 

           FROM THE 233RD DISTRICT COURT OF
TARRANT COUNTY

 

                                              ------------

NO.
2-09-347-CV

IN RE SCOTT MILES                                                                RELATOR    

                                              ------------

                                    ORIGINAL
PROCEEDING

                                              ------------

                                MEMORANDUM OPINION[1]

                                              ------------

 

 








I.  Introduction

In this
consolidated proceeding, Appellant Scott Miles appeals from the trial court=s
December 19, 2008 order holding him in contempt for failure to pay child
support and also asserts via a mandamus proceeding that the portion of the
December 19, 2008 order that holds him in contempt is void.  The issue before the court is whether the
trial court had jurisdiction to enter an order holding Scott in contempt for
failure to pay child support after it had dismissed Real Party in Interest
Sherry W. Miles=s motion for enforcement of
child support for want of prosecution fifty days earlier and no written order
of reinstatement was ever signed.  For
the reasons set forth below, we hold that the trial court lacked jurisdiction
to enter the challenged post-dismissal order. 
Accordingly, we will vacate and set aside the December 19, 2008 order,
deny the request for mandamus relief as moot, and dismiss the appeal for want
of jurisdiction.

II.  Factual and Procedural Background








Scott
and Sherry divorced in 1999.[2]  The final divorce decree ordered Scott to
make payments through the Tarrant County Child Support Office/Domestic
Relations Office (TCCSO/DR) for the support of the couple=s three
children, R.C.M., S.R.M., and J.W.M.;[3]
credit would not be given for child support payments directly to Sherry.  

Approximately
nine years later, in February 2008, Sherry filed a Motion for Enforcement of
Child Support Order and Order to Appear, alleging that Scott had violated the
final divorce decree and owed back child support payments and interest totaling
$108,317.87.  Scott filed an answer
alleging that he should receive credit for significant amounts of child support
that he had paid directly to Sherry and for actual support that he had provided
the children during times in which he had possession in excess of his
court-ordered periods of possession.  

In
August 2008, the trial court sent the parties a notice of dismissal for want of
prosecution.  In the dismissal notice,
the trial court placed the case on its dismissal docket A[i]n
accordance with Rule 165a@ and advised that the case would
be dismissed absent an appearance for the dismissal docket Aat any
time beginning October 1 until 9:00 a.m. on October 29.@ 








On
October 17, 2008, an Associate Judge=s Report
on Enforcement was entered; it was agreed to and signed by Scott and
Sherry.  It was not signed by or adopted
by the trial court.  The Report ordered
Scott committed to the Tarrant County Jail for 180 days but suspended the
period of commitment so long as he maintained a set schedule of periodic
payments through TCCSO/DRO until his back child support payments were
satisfied, including interest. 

On
October 30, 2008, the trial court signed an order of dismissal for want of
prosecution.  On November 21, 2008,
Sherry filed a verified motion to reinstate the case.  On December 2, 2008, Sherry set her motion to
reinstate for a hearing on December 19, 2008. 
On December 17, 2008, she filed a separate motion to enforce the October
17, 2008 Associate Judge=s Report on Enforcement,
contending that the Report was an agreement signed by both parties and
enforceable against Scott and requesting that the trial court hold Scott in
contempt for failure to obey its prior orders, including its 1999 divorce
decree.  Sherry did not provide notice of
hearing on her motion to enforce but requested in the motion that the trial
court grant it at the December 19, 2008 hearing on her motion to reinstate. 








On
December 19, 2008, the trial court signed its Order Holding Respondent [Scott
Miles] in Contempt for Failure to Pay Child Support and Ordering Future
Payments.  In its order, the trial court
recited that Athe parties entered into a
written agreement which was submitted to the Court for approval.  That agreement forms the basis of this Order.@  The order stated that Scott was in arrears in
the amount of $103,013.43, including due but unpaid child support and statutory
interest.  The trial court found Scott in
contempt, assessed attorney=s fees
against Scott, ordered him committed to the Tarrant County Jail for 180 days,
and suspended its commitment order subject to the terms of community
supervision, which included set monthly payments to Sherry through TCCSO/DRO
until all child support arrearage, fees, expenses, and costs were paid in
full.  The court did not make any
findings relating to Sherry=s motion
to reinstate and did not address whether Sherry=s
failure to appear as directed in the notice of dismissal was due to accident or
mistake or had been otherwise reasonably explained. 

Scott
filed a motion for new trial and a motion to modify, correct, or reform the
trial court=s December 19, 2008 judgment.  At the conclusion of an evidentiary hearing,
the trial court overruled Scott=s motion
for new trial on the record.  Scott then
filed this appeal and original proceeding.

III. 
Jurisdiction








In his
first issue, Scott argues that the trial court=s
December 19, 2008 contempt order was Aimproper@ because
the trial court had dismissed the case on October 30, 2008, and had never
signed an order of reinstatement.  Sherry
counters that the trial court had the power to enter the challenged contempt
order on December 19, 2008, because it still had plenary power to  Avacate,
modify, correct or reform@ the order of dismissal that it
had signed fifty days earlier.  

A.     Dismissal for Want of Prosecution Under
Rule 165a and Reinstatement after Dismissal

Rule
165a of the Texas Rules of Civil Procedure sets forth the procedure for
dismissal for want of prosecution.  Tex.
R. Civ. P. 165a.  Section 3 of the rule
specifically governs reinstatement motions following dismissal for want of
prosecution:

Reinstatement. A motion to reinstate shall set
forth the grounds therefor and be verified by the movant or his attorney. It
shall be filed with the clerk within 30 days after the order of dismissal is
signed or within the period provided by Rule 306a.[4] . . . .

 

The court shall reinstate the case upon finding
after a hearing that the failure of the party or his attorney was not
intentional or the result of conscious indifference but was due to an accident
or mistake or that the failure has been otherwise reasonably explained.

 








In the
event for any reason a motion for reinstatement is not decided by signed
written order within seventy‑five days after the judgment is signed, or,
within such other time as may be allowed by Rule 306a, the motion shall be
deemed overruled by operation of law. If a motion to reinstate is timely filed
by any party, the trial court, regardless of whether an appeal has been
perfected, has plenary power to reinstate the case until 30 days after all such
timely filed motions are overruled, either by a written and signed order or by
operation of law, whichever occurs first.

Tex. R. Civ. P. 165a(3).

According
to Rule 165a(3), therefore, when a verified motion to reinstate is timely
filed, the trial court possesses plenary power to reinstate the case until
thirty days after the motion is overruled by a written and signed order or by
operation of law.  Id.  If a motion to reinstate is not decided by a
written, signed order within seventy‑five days after the judgment
dismissing the case is signed, it is deemed overruled by operation of law.  Id. 
In the event the trial court fails to sign a written order of
reinstatement during its 105-day plenary power period, the judgment becomes
final.  Id.; see Emerald
Oaks Hotel/Conference Ctr., Inc. v. Zardenetta, 776 S.W.2d 577, 578 (Tex.
1989) (orig. proceeding); Walker v. Harrison, 597 S.W.2d 913, 915 (Tex.
1980) (orig. proceeding).  








Additionally,
an order reinstating a case that has been dismissed must be in writing, must specifically
reinstate the case, and must be signed within the trial court=s
plenary power.  See Emerald
Oaks, 776 S.W.2d at 578 (holding docket entry purporting to reinstate case
ineffective when no written order of reinstatement signed within trial court=s period
of plenary power); Walker, 597 S.W.2d at 915 (same, and recognizing
requirement that order be specific); Wallingford v. Trinity Universal Ins.
Co., 253 S.W.3d 720, 726 (Tex. App.CAmarillo
2007, pet. denied) (holding trial court=s oral
pronouncement of reinstatement on the record at the hearing on the motion to
reinstate, its printed docket entry, Wallingford=s
submission of a proposed order, and the conduct of the parties following the
hearing treating case as reinstated are Anot a
substitute for the rule=s requirement of a signed
written order@); In re Montemayor, 2
S.W.3d 542, 545 (Tex. App.CSan
Antonio 1999, orig. proceeding) (holding oral pronouncement of reinstatement
ineffective absent a signed order specifically reinstating case).

B.     The Trial Court Never Reinstated This Case








Here, it
is undisputed that the trial court never signed an order reinstating the case.[5]  The only order signed after the dismissal was
the December 19, 2008 order holding Scott in contempt for failure to pay child
support, and it does not expressly or impliedly order the case reinstated.  Rule 165a(3) requires the trial court
reinstating a case to make a finding that Athe
failure of the party or his attorney was not intentional or the result of
conscious indifference but was due to an accident or mistake or that the
failure has been otherwise reasonably explained,@ and no
such finding was made by the trial court here in the December 19, 2008
order.  See Tex. R. Civ. P.
165a(3).  The December 19, 2008 order is
not, and cannot be construed as, an order of reinstatement.  See Tex. R. Civ. P. 165a(3); see
also Emerald Oaks, 776 S.W.2d at 578 (holding case not reinstated absent
specific order of reinstatement signed within period of trial court=s
plenary power); Walker, 597 S.W.2d at 915 (same); Montemayor, 2
S.W.3d at 545 (same).  Because the case
was never reinstated by a signed, written order following the October 30, 2008
dismissal, the trial court lacked the power to enter the December 19, 2008
order.[6]  

C.  Sherry=s
Arguments Contrary to Law








Sherry
contends that Rule 165a(3) does not provide the exclusive procedure for
reinstatement following dismissal; she cites Rule 165a(4)=s
provision that A[t]his dismissal and
reinstatement procedure shall be cumulative of the rules and laws governing any
other procedures available to the parties in such cases@ and
argues that the trial court had plenary power to enter the December 19, 2008
contempt order under Rule 329b.  See Tex.
R. Civ. P. 165a(4); Tex. R. Civ. P. 329b; see also Williams v. Tyra, No.
06-06-00118-CV, 2007 WL 1648785, at *1B2 (Tex.
App.CTexarkana
June 8, 2007, no pet.) (mem. op.) (holding that summary judgment order entered
after but on same day as order dismissing case for want of prosecution
superceded dismissal order because trial court had plenary power to Avacate,
modify, correct, or reform@
dismissal order under Rule 329b(d)). 
Sherry timely filed a November 21, 2008 verified motion to reinstate,
and she contends that her motion to reinstate is the equivalent of a motion to Amodify,
correct, or reform@ the October 30, 2008 order of
dismissal.  She argues that, pursuant to
Rule 329b(e), the trial court possessed plenary power to vacate the dismissal
order and did so by signing the December 19, 2008 order.

Sherry=s
argument that Rule 329b extends the trial court=s
plenary power is unnecessary; Rule 165a specifically provides that when a
verified motion to reinstate is timely filed (like Sherry=s here),
the trial court possesses plenary power until thirty days after the motion to
reinstate is overruled by written order or by operation of law.  Tex. R. Civ. P. 165a(3).  Thus, it is undisputed that the trial court
possessed plenary power to reinstate the case on December 19, 2008, the date
the trial court entered the order holding Scott in contempt for failure to pay
child support.








Sherry=s
argument that Rule 329b authorizes the trial court to reinstate a case by
simply signing an order or a judgment in a case that has been dismissed for
want of prosecution under Rule 165aCas she
contends the trial court here didCeviscerates
the mandates of Rule 165a.  To so hold
would be to judicially write Rule 165a out of the rules of civil
procedure.  The procedures for
reinstating a case are specifically set forth in Rule 165a, which is titled ADismissal
for Want of Prosecution@; neither we nor the trial court
are free to ignore them.  Id.  








Sherry=s argues
that the provisions of Rule 165a are cumulative of the rules and laws governing
other procedures available to the parties[7]Cthat is,
that other rules may be used to reinstate or continue her case.  This argument misconstrues the word
cumulative.  ACumulative@
generally means Ain addition to@ not Ainstead
of.@  See Lakey v. McCarroll, 131 S.W.2d
181, 187 (Tex. Civ. App.CEastland 1939), certified
question answered, 134 S.W.2d 1016 (Tex. 1940) (Funderburk, J., dissenting)
(defining Acumulative@ as Athat
which augments by addition; that which is added to something; additional; that
which is superadded to another thing of the same character and not
substituted for it@ (emphasis in original)); see
generally Black=s Law Dictionary 380 (6th ed.
1990) (defining Acumulative@ as A[a]dditional;
heaping up; increasing; forming an aggregate,@ and
stating that A[t]he word signifies that two
things are to be added together, instead of one being a repetition or
substitution for the other@).  Thus, Rule 165a=s
reinstatement requirements are mandated in addition to any other procedures
available to Sherry.  The fact that
Sherry might have remedies in addition to the required Rule 165a reinstatement
procedures does not excuse her or the trial court from compliance with Rule
165a.

And, in
any event, Rule 165a specifically addresses reinstatement and controls over Rule
329b in cases involving dismissal for want of prosecution under Rule 165a.  The principles of statutory construction
apply to the rules of civil procedure, and it is a well-settled principle of
statutory construction that a specific statute controls over a general
statute.  See Tex. Gov=t Code
Ann. ' 311.026
(Vernon 2005) (recognizing specific statute will control over general); BASF
Fina Petrochemicals Ltd. P'ship v. H.B. Zachry Co., 168 S.W.3d 867, 871
(Tex. App.CHouston [1st Dist.] 2004, pet.
denied) (recognizing principles of statutory construction apply to rules of
civil procedure).








Because
the trial court never entered a signed, written order of reinstatement as
required by Rule 165a, we hold that the trial court lacked jurisdiction to
enter the challenged December 19, 2008 order.[8]  We sustain Scott=s first
issue. 

IV.  Conclusion

Having held that the
trial court lacked jurisdiction to enter its December 19, 2008 order, we vacate
and set aside the trial court=s December 19, 2008 order, deny as moot Scott=s mandamus proceeding
challenging the portion of the December 19, 2008 order holding him in contempt,
and dismiss this appeal.[9]                                                     

 

SUE WALKER

JUSTICE

 

PANEL: LIVINGSTON AND WALKER, JJ.

 

DELIVERED: April 1, 2010











[1]See Tex. R. App. P. 47.4.





[2]Scott is the Relator and
Sherry is the Real Party in Interest in the consolidated mandamus
proceeding.  





[3]We use the children=s initials to protect
their identities.





[4]Rule 306a provides that
the trial court=s period of plenary power
begins on the date the judgment or order is signed unless the adversely
affected party or that party=s attorney does not receive notice or acquire
actual knowledge within twenty days after the judgment or order is signed.  Tex. R. Civ. P. 306a(1), (4).  No party asserts that Rule 306a=s late-notice provision
applies in this case.





[5]The case dismissed here
was Sherry=s motion for enforcement
of child support alleging that Scott owed back child support payments and
interest totaling $108,317.87.  





[6]We need not address the
potentially tricky issue of whether the December 19, 2008 order would have been
effective if the trial court had subsequently reinstated the case within its
plenary jurisdiction; it is undisputed here that the trial court never signed
an order of reinstatement.





[7]Rule 165a(4) provides
that A[t]his dismissal and
reinstatement procedure shall be cumulative of the rules and laws governing any
other procedures available to the parties in such cases.@  Tex. R. Civ. P. 165a(4).





[8]Because we hold that the
trial court lacked jurisdiction to enter its December 19, 2008 order, we need
not and do not reach Scott=s second through sixth issues on appeal
challenging the trial court=s denial of Scott=s motion for new trial
and certain evidentiary rulings made by the trial court at the new trial
hearing.  See Tex. R. App. P.
47.1.





[9]See Tex. R. App. P. 42.3(a),
43.2(e); In re Gibbs, 253 S.W.3d 866, 877 (Tex. App.CFort Worth 2008, pet.
dism=d) (op. on reh=g) (vacating order in
case over which trial court had no jurisdiction and dismissing appeal).