

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-09-080-CV**

IN THE INTEREST OF R.C.M.,
S.R.M., AND J.W.M., CHILDREN

-----------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY

-----------

**NO. 2-09-347-CV**

IN RE SCOTT MILES                                                          RELATOR

-----------

ORIGINAL PROCEEDING

-----------

**MEMORANDUM OPINION**[1]

-----------

---

[1] *See* Tex. R. App. P. 47.4.

## I. INTRODUCTION

In this consolidated proceeding, Appellant Scott Miles appeals from the trial court's December 19, 2008 order holding him in contempt for failure to pay child support and also asserts via a mandamus proceeding that the portion of the December 19, 2008 order that holds him in contempt is void. The issue before the court is whether the trial court had jurisdiction to enter an order holding Scott in contempt for failure to pay child support after it had dismissed Real Party in Interest Sherry W. Miles's motion for enforcement of child support for want of prosecution fifty days earlier and no written order of reinstatement was ever signed. For the reasons set forth below, we hold that the trial court lacked jurisdiction to enter the challenged post-dismissal order. Accordingly, we will vacate and set aside the December 19, 2008 order, deny the request for mandamus relief as moot, and dismiss the appeal for want of jurisdiction.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Scott and Sherry divorced in 1999.[2] The final divorce decree ordered Scott to make payments through the Tarrant County Child Support Office/Domestic Relations Office (TCCSO/DR) for the support of the couple's

---

[2] Scott is the Relator and Sherry is the Real Party in Interest in the consolidated mandamus proceeding.

2

three children, R.C.M., S.R.M., and J.W.M.;[3] credit would not be given for child support payments directly to Sherry.

Approximately nine years later, in February 2008, Sherry filed a Motion for Enforcement of Child Support Order and Order to Appear, alleging that Scott had violated the final divorce decree and owed back child support payments and interest totaling $108,317.87. Scott filed an answer alleging that he should receive credit for significant amounts of child support that he had paid directly to Sherry and for actual support that he had provided the children during times in which he had possession in excess of his court-ordered periods of possession.

In August 2008, the trial court sent the parties a notice of dismissal for want of prosecution. In the dismissal notice, the trial court placed the case on its dismissal docket "[i]n accordance with Rule 165a" and advised that the case would be dismissed absent an appearance for the dismissal docket "at any time beginning October 1 until 9:00 a.m. on October 29."

On October 17, 2008, an Associate Judge's Report on Enforcement was entered; it was agreed to and signed by Scott and Sherry. It was not signed by or adopted by the trial court. The Report ordered Scott committed to the

---

[3] We use the children's initials to protect their identities.

Tarrant County Jail for 180 days but suspended the period of commitment so long as he maintained a set schedule of periodic payments through TCCSO/DRO until his back child support payments were satisfied, including interest.

On October 30, 2008, the trial court signed an order of dismissal for want of prosecution. On November 21, 2008, Sherry filed a verified motion to reinstate the case. On December 2, 2008, Sherry set her motion to reinstate for a hearing on December 19, 2008. On December 17, 2008, she filed a separate motion to enforce the October 17, 2008 Associate Judge's Report on Enforcement, contending that the Report was an agreement signed by both parties and enforceable against Scott and requesting that the trial court hold Scott in contempt for failure to obey its prior orders, including its 1999 divorce decree. Sherry did not provide notice of hearing on her motion to enforce but requested in the motion that the trial court grant it at the December 19, 2008 hearing on her motion to reinstate.

On December 19, 2008, the trial court signed its Order Holding Respondent [Scott Miles] in Contempt for Failure to Pay Child Support and Ordering Future Payments. In its order, the trial court recited that "the parties entered into a written agreement which was submitted to the Court for approval. That agreement forms the basis of this Order." The order stated that Scott was in arrears in the amount of $103,013.43, including due but unpaid

4

child support and statutory interest. The trial court found Scott in contempt, assessed attorney's fees against Scott, ordered him committed to the Tarrant County Jail for 180 days, and suspended its commitment order subject to the terms of community supervision, which included set monthly payments to Sherry through TCCSO/DRO until all child support arrearage, fees, expenses, and costs were paid in full. The court did not make any findings relating to Sherry's motion to reinstate and did not address whether Sherry's failure to appear as directed in the notice of dismissal was due to accident or mistake or had been otherwise reasonably explained.

Scott filed a motion for new trial and a motion to modify, correct, or reform the trial court's December 19, 2008 judgment. At the conclusion of an evidentiary hearing, the trial court overruled Scott's motion for new trial on the record. Scott then filed this appeal and original proceeding.

### III. JURISDICTION

In his first issue, Scott argues that the trial court's December 19, 2008 contempt order was "improper" because the trial court had dismissed the case on October 30, 2008, and had never signed an order of reinstatement. Sherry counters that the trial court had the power to enter the challenged contempt order on December 19, 2008, because it still had plenary power to "vacate,

5

modify, correct or reform" the order of dismissal that it had signed fifty days earlier.

**A. Dismissal for Want of Prosecution Under Rule 165a and Reinstatement after Dismissal**

Rule 165a of the Texas Rules of Civil Procedure sets forth the procedure for dismissal for want of prosecution. Tex. R. Civ. P. 165a. Section 3 of the rule specifically governs reinstatement motions following dismissal for want of prosecution:

> Reinstatement. A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a.[4] . . . .

> The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

> In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed, or, within such other time as may be allowed by Rule 306a, the motion shall be deemed overruled by operation

---

[4] Rule 306a provides that the trial court's period of plenary power begins on the date the judgment or order is signed unless the adversely affected party or that party's attorney does not receive notice or acquire actual knowledge within twenty days after the judgment or order is signed. Tex. R. Civ. P. 306a(1), (4). No party asserts that Rule 306a's late-notice provision applies in this case.

6

of law. If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

Tex. R. Civ. P. 165a(3).

According to Rule 165a(3), therefore, when a verified motion to reinstate is timely filed, the trial court possesses plenary power to reinstate the case until thirty days after the motion is overruled by a written and signed order or by operation of law. *Id.* If a motion to reinstate is not decided by a written, signed order within seventy-five days after the judgment dismissing the case is signed, it is deemed overruled by operation of law. *Id.* In the event the trial court fails to sign a written order of reinstatement during its 105-day plenary power period, the judgment becomes final. *Id.*; *see Emerald Oaks Hotel/Conference Ctr., Inc. v. Zardenetta*, 776 S.W.2d 577, 578 (Tex. 1989) (orig. proceeding); *Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980) (orig. proceeding).

Additionally, an order reinstating a case that has been dismissed must be in writing, must specifically reinstate the case, and must be signed within the trial court's plenary power. *See Emerald Oaks*, 776 S.W.2d at 578 (holding docket entry purporting to reinstate case ineffective when no written order of reinstatement signed within trial court's period of plenary power); *Walker*, 597

7

S.W.2d at 915 (same, and recognizing requirement that order be specific); *Wallingford v. Trinity Universal Ins. Co.*, 253 S.W.3d 720, 726 (Tex. App.—Amarillo 2007, pet. denied) (holding trial court's oral pronouncement of reinstatement on the record at the hearing on the motion to reinstate, its printed docket entry, Wallingford's submission of a proposed order, and the conduct of the parties following the hearing treating case as reinstated are "not a substitute for the rule's requirement of a signed written order"); *In re Montemayor*, 2 S.W.3d 542, 545 (Tex. App.—San Antonio 1999, orig. proceeding) (holding oral pronouncement of reinstatement ineffective absent a signed order specifically reinstating case).

### B.    The Trial Court Never Reinstated This Case

Here, it is undisputed that the trial court never signed an order reinstating the case.[5]  The only order signed after the dismissal was the December 19, 2008 order holding Scott in contempt for failure to pay child support, and it does not expressly or impliedly order the case reinstated.  Rule 165a(3) requires the trial court reinstating a case to make a finding that "the failure of the party or his attorney was not intentional or the result of conscious indifference but

---

[5] The case dismissed here was Sherry's motion for enforcement of child support alleging that Scott owed back child support payments and interest totaling $108,317.87.

8

was due to an accident or mistake or that the failure has been otherwise reasonably explained," and no such finding was made by the trial court here in the December 19, 2008 order. *See* Tex. R. Civ. P. 165a(3). The December 19, 2008 order is not, and cannot be construed as, an order of reinstatement. *See* Tex. R. Civ. P. 165a(3); *see also Emerald Oaks*, 776 S.W.2d at 578 (holding case not reinstated absent specific order of reinstatement signed within period of trial court's plenary power); *Walker*, 597 S.W.2d at 915 (same); *Montemayor*, 2 S.W.3d at 545 (same). Because the case was never reinstated by a signed, written order following the October 30, 2008 dismissal, the trial court lacked the power to enter the December 19, 2008 order.[6]

### C. Sherry's Arguments Contrary to Law

Sherry contends that Rule 165a(3) does not provide the exclusive procedure for reinstatement following dismissal; she cites Rule 165a(4)'s provision that "[t]his dismissal and reinstatement procedure shall be cumulative of the rules and laws governing any other procedures available to the parties in such cases" and argues that the trial court had plenary power to enter the December 19, 2008 contempt order under Rule 329b. *See* Tex. R. Civ. P.

---

[6] We need not address the potentially tricky issue of whether the December 19, 2008 order would have been effective if the trial court had subsequently reinstated the case within its plenary jurisdiction; it is undisputed here that the trial court never signed an order of reinstatement.

9

165a(4); Tex. R. Civ. P. 329b; *see also Williams v. Tyra*, No. 06-06-00118-CV, 2007 WL 1648785, at *1–2 (Tex. App.—Texarkana June 8, 2007, no pet.) (mem. op.) (holding that summary judgment order entered after but on same day as order dismissing case for want of prosecution superceded dismissal order because trial court had plenary power to "vacate, modify, correct, or reform" dismissal order under Rule 329b(d)). Sherry timely filed a November 21, 2008 verified motion to reinstate, and she contends that her motion to reinstate is the equivalent of a motion to "modify, correct, or reform" the October 30, 2008 order of dismissal. She argues that, pursuant to Rule 329b(e), the trial court possessed plenary power to vacate the dismissal order and did so by signing the December 19, 2008 order.

Sherry's argument that Rule 329b extends the trial court's plenary power is unnecessary; Rule 165a specifically provides that when a verified motion to reinstate is timely filed (like Sherry's here), the trial court possesses plenary power until thirty days after the motion to reinstate is overruled by written order or by operation of law. Tex. R. Civ. P. 165a(3). Thus, it is undisputed that the trial court possessed plenary power to reinstate the case on December 19, 2008, the date the trial court entered the order holding Scott in contempt for failure to pay child support.

Sherry's argument that Rule 329b authorizes the trial court to reinstate a case by simply signing an order or a judgment in a case that has been dismissed for want of prosecution under Rule 165a—as she contends the trial court here did—eviscerates the mandates of Rule 165a. To so hold would be to judicially write Rule 165a out of the rules of civil procedure. The procedures for reinstating a case are specifically set forth in Rule 165a, which is titled "Dismissal for Want of Prosecution"; neither we nor the trial court are free to ignore them. *Id*.

Sherry's argues that the provisions of Rule 165a are cumulative of the rules and laws governing other procedures available to the parties[7]—that is, that other rules may be used to reinstate or continue her case. This argument misconstrues the word cumulative. "Cumulative" generally means "in addition to" not "instead of." *See Lakey v. McCarroll*, 131 S.W.2d 181, 187 (Tex. Civ. App.—Eastland 1939), *certified question answered*, 134 S.W.2d 1016 (Tex. 1940) (Funderburk, J., dissenting) (defining "cumulative" as "that which augments by addition; that which is added to something; additional; that which is superadded to another thing of the same character *and not substituted for it*"

---

[7] Rule 165a(4) provides that "[t]his dismissal and reinstatement procedure shall be cumulative of the rules and laws governing any other procedures available to the parties in such cases." Tex. R. Civ. P. 165a(4).

11

(emphasis in original)); *see generally* Black's Law Dictionary 380 (6th ed. 1990) (defining "cumulative" as "[a]dditional; heaping up; increasing; forming an aggregate," and stating that "[t]he word signifies that two things are to be added together, instead of one being a repetition or substitution for the other"). Thus, Rule 165a's reinstatement requirements are mandated in addition to any other procedures available to Sherry. The fact that Sherry might have remedies in addition to the required Rule 165a reinstatement procedures does not excuse her or the trial court from compliance with Rule 165a.

And, in any event, Rule 165a specifically addresses reinstatement and controls over Rule 329b in cases involving dismissal for want of prosecution under Rule 165a. The principles of statutory construction apply to the rules of civil procedure, and it is a well-settled principle of statutory construction that a specific statute controls over a general statute. *See* Tex. Gov't Code Ann. § 311.026 (Vernon 2005) (recognizing specific statute will control over general); *BASF Fina Petrochemicals Ltd. P'ship v. H.B. Zachry Co.*, 168 S.W.3d 867, 871 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (recognizing principles of statutory construction apply to rules of civil procedure).

Because the trial court never entered a signed, written order of reinstatement as required by Rule 165a, we hold that the trial court lacked

12

jurisdiction to enter the challenged December 19, 2008 order.[8]  We sustain

Scott's first issue.

### IV.  CONCLUSION

Having held that the trial court lacked jurisdiction to enter its December

19, 2008 order, we vacate and set aside the trial court's December 19, 2008

order, deny as moot Scott's mandamus proceeding challenging the portion of

the December 19, 2008 order holding him in contempt, and dismiss this

appeal.[9]

SUE WALKER
JUSTICE

PANEL: LIVINGSTON AND WALKER, JJ.

DELIVERED: April 1, 2010

---

[8] Because we hold that the trial court lacked jurisdiction to enter its December 19, 2008 order, we need not and do not reach Scott's second through sixth issues on appeal challenging the trial court's denial of Scott's motion for new trial and certain evidentiary rulings made by the trial court at the new trial hearing.  *See* Tex. R. App. P. 47.1.

[9] *See* Tex. R. App. P. 42.3(a), 43.2(e); *In re Gibbs*, 253 S.W.3d 866, 877 (Tex. App.—Fort Worth 2008, pet. dism'd) (op. on reh'g) (vacating order in case over which trial court had no jurisdiction and dismissing appeal).

13