# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00542-CV

---

**Wendi Mae Davidson, Appellant**

**v.**

**Judy Kay Davidson and Robert Lloyd Davidson, Appellees**

---

**FROM THE 51ST DISTRICT COURT OF TOM GREEN COUNTY,
NO. A-06-0166-J, THE HONORABLE CARMEN DUSEK, JUDGE PRESIDING**

---

### O R D E R   A N D   M E M O R A N D U M   O P I N I O N

---

**PER CURIAM**

Appellant Wendi Mae Davidson, proceeding pro se, has filed a notice of appeal from the district court's denial of Davidson's petition to modify the parent-child relationship. The clerk's record, which was filed on November 8, 2019, does not contain a written order reflecting the district court's ruling. Accordingly, on November 15, 2019, this Court sent notice to the district clerk, asking for a supplemental clerk's record containing any written order relating to the district court's denial of Davidson's petition to modify the parent-child relationship.

On November 26, 2019, a supplemental clerk's record was filed. However, it did not contain a written order. Instead, it contained a copy of the district court's docket sheet in the case, which included a notation stating that on July 11, 2019, an evidentiary hearing was held

and that at the conclusion of the hearing, the district court denied Davidson's motion for modification.

The reporter's record of the evidentiary hearing is also overdue. On December 2, 2019, we received notice from the court reporter requesting an extension of time to file the reporter's record because "no final order has been signed at this time."

To be appealable, a judgment or order must be in writing and signed by the trial court, because the appellate timetable runs from the date the judgment or order is signed. *See* Tex. R. App. P. 26.1; *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam). An oral rendition by the trial court is not appealable. *See Emerald Oaks Hotel/Conference Center, Inc. v. Zardenetta*, 776 S.W.2d 577, 578 (Tex. 1989). Accordingly, absent a signed, written order, we may dismiss an appeal for want of jurisdiction. *See, e.g.*, *In re X.M.P.*, No. 05-18-01416-CV, 2019 Tex. App. LEXIS 190, at *1–3 (Tex. App.—Dallas Jan. 14, 2019, no pet.) (mem. op.); *In re J.J.S.*, No. 08-16-00261-CV, 2017 Tex. App. LEXIS 1931, at *1–2 (Tex. App.—El Paso Mar. 8, 2017, no pet.) (mem. op. on reh'g); *Smith v. Robertson*, No. 01-15-00538-CV, 2015 Tex. App. LEXIS 12853, at *1–2 (Tex. App.—Houston [1st Dist.] Dec. 22, 2015, no pet.) (per curiam) (mem. op.); *see also Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied) (explaining that appellate courts are not required "to docket and hold an appeal open until there is an appealable judgment or order at some future date").

However, in some cases, we may treat the notice of appeal as filed prematurely, *see* Tex. R. App. P. 27.1(a), abate the appeal, and remand the cause to the trial court for entry of a written order. *See, e.g.*, *O'Kroley v. Sherwin-Williams Co.*, No. 11-17-00339-CV, 2018 Tex. App. LEXIS 3382, at *1–2 (Tex. App.—Eastland May 10, 2018) (per curiam order); *Texas Dep't*

2

*of Transp. v. Cash*, No. 09-12-00463-CV, 2013 Tex. App. LEXIS 2352, at *1 (Tex. App.—Beaumont Feb. 21, 2013) (per curiam order); *see also Disco Mach. of Liberal Co. v. Payton*, 900 S.W.2d 71, 74–75 (Tex. App.—Amarillo 1995, writ denied).  Because this case involves a suit affecting the parent-child relationship, the record reflects that the district court has already rendered an oral ruling on Davidson's petition, and Davidson has a right to appeal the district court's final order denying her petition to modify the parent-child relationship, *see* Tex. Fam. Code § 109.002, we believe that abatement is the appropriate course of action at this time.

Accordingly, the appeal is abated and the cause is remanded to the district court for entry of a written order denying Davidson's petition to modify the parent-child relationship. A supplemental clerk's record containing the district court's order shall be filed with this Court no later than January 9, 2020.  *See* Tex. R. App. P. 34.5(c)(1).

It is so ordered December 20, 2019.


Before Chief Justice Rose, Justices Triana and Smith

Abated and Remanded

Filed:   December 20, 2019