# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00503-CV

---

**Deirdre Gilbert, Appellant**

**v.**

**John B. Scott, Texas Secretary of State, and Keith Ingram, Director of Elections, Appellees**

---

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-22-003087, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Deirdre Gilbert filed a pro se notice of appeal of the district court's August 16, 2022 order denying Gilbert's Motion for a Request for Expedited Hearing. Generally, this Court's appellate jurisdiction is limited to appeals taken from final judgments and certain interlocutory orders the legislature has deemed appealable. *See* Tex. Civ. Prac. & Rem. Code §§ 51.012, .014; *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021). On August 30, 2022, the Clerk of this Court advised Gilbert by letter that this Court appears to lack jurisdiction because there is no final judgment or appealable order in the record. The Clerk asked her to file a response by September 9, 2022, advising how the Court may exercise jurisdiction over the appeal.

Gilbert responded with a pleading entitled "Corrected Motion Request [for] Final Order" asking us to order the district court to allow a permissive interlocutory appeal. However,

she has not explained how we have jurisdiction over the district court's August 16, 2022 order.[1] The order is not final because it does not actually dispose of any claims and contains no language of finality. *See Jones*, 629 S.W.3d at 924 (explaining that judgment is final for purposes of appeal if "it actually disposes of every pending claim and party" or "it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so"). And it is not one of the types of interlocutory orders the legislature has made appealable by statute. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a) (enumerating appealable orders).

We dismiss Gilbert's appeal for want of jurisdiction.[2] *See* Tex. R. App. P. 43.2(f).

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Dismissed for Want of Jurisdiction

Filed: September 20, 2022

---

[1] Gilbert states in the motion that the district court granted appellees' motion to dismiss her claims at a hearing on August 30, 2022. However, she has not provided us with a written judgment reflecting that ruling. *See Davidson v. Davidson*, No. 03-19-00542-CV, 2019 WL 7042942, at *1 (Tex. App.—Austin Dec. 20, 2019, no pet.) (mem. op.) (per curiam) ("An oral rendition by the trial court is not appealable." (citing *Emerald Oaks Hotel/Conference Ctr., Inc. v. Zardenetta*, 776 S.W.2d 577, 578 (Tex. 1989) (orig. proceeding) (per curiam))).

[2] We dismiss all pending motions as moot.