

# NUMBER 13-22-00018-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ALFONSO KENNARD JR.,
DANIEL J. SALAS JR., AND
KENNARD LAW, P.C.
ATTORNEYS AT LAW,                                              Appellants,

v.

DR. TIBOR TOTH, DMD D/B/A
TOTH PEDIATRIC DENTISTRY,                                      Appellee.

## On appeal from the 197th District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Tijerina, Silva, and Peña
### Memorandum Opinion by Justice Tijerina

Appellants Alfonso Kennard Jr., Daniel J. Salas Jr., and Kennard Law, P.C.,

attorneys at law, appeal the trial court's order denying their motion to compel arbitration

on January 11, 2022 in favor of appellee Dr. Tibor Toth, DMD, d/b/a Toth Peditaric Dentistry.

On August 30, 2021, the trial court held a hearing on appellants' motion to compel arbitration. Dr. Toth did not attend the hearing. On September 3, 2021, the trial court dismissed Dr. Toth's claims against appellants with prejudice.

Dr. Toth filed a verified motion to reinstate the case, and the trial court held a hearing. According to the case summary, the trial court "granted [Dr. Toth's] motion to reinstate" on December 2, 2021, but a written order reinstating the case was not signed until October 6, 2023—over two years after the date of dismissal.

Rule 165a(3) provides that "a motion for reinstatement . . . not decided by [a] signed written order *within seventy-five days* after the judgment is signed . . . shall be deemed overruled by operation of law." TEX. R. CIV. P. 165a(3). "Thereafter, the [trial] court retains plenary power and jurisdiction over the cause for an additional [thirty] days." *Emerald Oaks Hotel/Conference Ctr., Inc. v. Zardenetta*, 776 S.W.2d 577, 578 (Tex. 1989) (orig. proceeding). "A trial court's oral pronouncement and docket entry reinstating a cause is not an acceptable substitute for the written order required by rule." *Id.*

Here, the trial court did not sign an order reinstating the case during the trial court's plenary power. *See* TEX. R. CIV. P. 165a(3). Therefore, the August 30, 2021 judgment of dismissal became final, terminating the trial court's plenary power over its judgment. *See id.*; *Emerald*, 776 S.W.2d at 578; *see also Wallingford v. Trinity Universal Ins. Co.*, 253 S.W.3d 720, 726 (Tex. App.—Amarillo 2007, pet. denied) (holding that the trial court's oral pronouncement on the record at the hearing on the motion to reinstate, its printed

2

docket entry, the submission of a proposed order, and the conduct of the parties following the hearing are not a substitute for the rule's requirement of a signed written order); *In re Wal-Mart Stores, Inc.*, 20 S.W.3d 734, 740 (Tex. App.—El Paso 2000, no pet.) (orig. proceeding) ("An oral pronouncement by the court reinstating the case, even when accompanied by a docket entry, is ordinarily inadequate to reinstate the case."). As a result, the trial court had no authority to enter the order denying appellants' motion to compel arbitration on January 11, 2022, and that order is therefore void.

Because the trial court never properly reinstated the case, the September 3, 2021 dismissal order remains in effect. Thus, we vacate the January 11, 2022 order denying appellants' motion to dismiss, and we dismiss the case. *See* TEX. R. APP. P. 43.2(e).

JAIME TIJERINA
Justice

Delivered and filed on the
19th day of October, 2023.

3