

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: | § | No. 08-24-00140-CV |
| MCDONALD'S RESTAURANTS OF TEXAS, INC., | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| Relator. | § | |
| | § | |

**MEMORANDUM OPINION**

Relator McDonald's Restaurants of Texas, Inc. asks us to direct the Honorable Francisco X. Dominguez, Presiding Judge of the 205th Judicial District Court of El Paso County, to vacate his order reinstating the proceedings which McDonald's contends was entered after the court lost plenary jurisdiction. We conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

Real Party in Interest, Andres Pippin, sued McDonald's after being injured at one of its restaurants in March 2021. In November 2023, the district clerk sent Pippin a notice of hearing for dismissal for want of prosecution. On December 1, 2023, the trial court held a hearing on the matter, which Pippin's counsel did not attend, and signed an order dismissing the case.

Pippin timely filed a verified motion to reinstate on December 28. The trial court set a hearing on that motion for January 17, 2024. It is undisputed that the trial court orally granted the motion at that hearing; however, the trial court did not sign an order granting Pippin's motion to reinstate the case until April 16, 2024.

McDonald's contends the trial court signed the order reinstating the case after its plenary power over the case had expired and thus seeks mandamus relief to vacate the purportedly void order.

## II. STANDARD OF REVIEW

"Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal." *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or fails to correctly analyze or apply the law. *Id.* at 655. Mandamus relief is available when a trial court erroneously reinstates a case following the expiration of its plenary jurisdiction. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex. 2008) (orig. proceeding); *accord Estate of Howley v. Haberman*, 878 S.W.2d 139, 140 (Tex. 1994) (citing *Emerald Oaks Hotel v. Zardenetta*, 776 S.W.2d 577 (Tex. 1989) (per curiam)). Under those circumstances, mandamus is proper even without a showing that the relator lacks an adequate remedy on appeal. *In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (per curiam) (orig. proceeding).

## III. ANALYSIS

When a lawsuit is dismissed for want of prosecution, a plaintiff has 30 days to file a motion for reinstatement. Tex. R. Civ. P. 165a(3); *Gillis v. Harris Cnty.*, 554 S.W.3d 188, 191 (Tex. App.—Houston [14th Dist.] 2018, no pet.). If a plaintiff timely files a verified motion to

2

reinstate, the trial court maintains plenary jurisdiction over the case for 30 days after it rules on the motion or the motion is overruled by operation of law (i.e., if the trial court does not grant or deny the motion within 75 days after the judgment is signed). Tex. R. Civ. P. 165a(3). However, if the trial court does not sign a written order reinstating the case during that time, the dismissal becomes final. *Emerald Oaks Hotel*, 776 S.W.2d at 578; *see In re Wal-Mart Stores, Inc.*, 20 S.W.3d 734, 740 (Tex. App.—El Paso 2000, orig. proceeding) (holding that dismissal order became the final judgment upon the expiration of the trial court's plenary power despite oral ruling and instructions to reinstate). "A trial court's oral pronouncement and docket entry are not an acceptable substitute for a written order." *Salinas v. Salinas*, No. 08-17-00006-CV, 2017 WL 2889058, at *1 (Tex. App.—El Paso July 7, 2017, no pet.) (mem. op.) (citing *Emerald Oaks Hotel*, 776 S.W.2d at 578); *accord Wallingford v. Trinity Universal Ins. Co.*, 253 S.W.3d 720, 726 (Tex. App.—Amarillo 2007, pet. denied).

Here, Pippin timely filed a motion to reinstate on December 28, 2023. Because the trial court did not rule on the motion within 75 days of the December 1 dismissal order, the motion to reinstate was overruled by operation of law on February 14, 2024. Tex. R. Civ. P. 165a(3). The trial court maintained plenary jurisdiction over the case for 30 more days, or until March 15, 2024. Tex. R. Civ. P. 165a(3); *Emerald Oaks Hotel*, 776 S.W.2d at 578; *In re R.C.M.*, No. 2-09-080-CV, 2010 WL 1267759, at *3 (Tex. App.—Fort Worth Apr. 1, 2010, no pet.) (mem. op.). It is undisputed the trial court did not sign the order reinstating the case until April 16, 2024. Because the case was not reinstated by a signed, written order during the period the trial court retained plenary power to do so, the dismissal became final. *See Emerald Oaks Hotel*, 776 S.W.2d at 578; *Wallingford*, 253 S.W.3d at 726; *see also Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980)

("While it is true that orders and judgments may be orally pronounced in open court, a different rule applies when there is a time limit placed on the court's jurisdiction to act on a matter.").

Pippin does not dispute these legal principles but urges us to apply the equitable principles applicable to a bill of review proceeding to "prevent manifest injustice and deprivation of any and all remedies."[1] However, the Texas Supreme Court "has repeatedly held that the time limits provided in rule 165a are mandatory and jurisdictional and that orders of reinstatement entered after their expiration are void." *Walker*, 597 S.W.2d at 915. We cannot borrow the equitable principles applicable to a bill of review to sidestep jurisdictional timelines following the dismissal of a case. *See In re Johnson*, No. 14-23-00633-CV, 2023 WL 8270966, at *3 (Tex. App.—Houston [14th Dist.] Nov. 30, 2023, orig. proceeding) (mem. op.) (per curiam) (citing *Walker*, 597 S.W.2d at 915); *see also In re Mast*, No. 13-23-00305-CV, 2023 WL 5486359, at *4 (Tex. App.—Corpus Christi–Edinburg Aug. 23, 2023, orig. proceeding) (mem. op.) (finding arguments relating to bill of review proceedings inapposite in a mandamus proceeding when trial court entered order reinstating case after plenary jurisdiction expired).

The trial court abused its discretion by entering an order after its plenary power expired. Because the trial court exceeded its jurisdictional authority, McDonald's is not required to show that it lacks an adequate remedy on appeal to be entitled to mandamus relief. *In re Vaishangi*, 442 S.W.3d at 261. We conditionally grant the petition for writ of mandamus. We are confident Respondent will promptly vacate the April 16, 2024 order reinstating the case. The writ will issue only if Respondent does not do so within ten days of this order.

---

[1] Pippin acknowledges that this matter is not a final judgment on appeal.

LISA J. SOTO, Justice

August 14, 2024

Before Alley, C.J., Palafox and Soto, JJ.