COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| ENFIELD PLAZA HOMEOWNERS ASSOCIATION, INC., | § | No. 08-25-00014-CV |
| | § | Appeal from the |
| Appellant, | | |
| | § | 345th District Court |
| v. | | |
| | § | of Travis County, Texas |
| STEPHANIE BEARDSLEY KERPSACK, and 1621 ENFIELD | § | (TC# D-1-GN-17-003295) |
| CONDOMINIUM OWNERS ASSOCIATION, | | |
| | § | |
| Appellees. | § | |

## <u>MEMORANDUM OPINION</u>

This is an attempted appeal from a trial court's denial of a motion to reinstate orally rendered on December 16, 2024.[1] Because the record before us does not include a written order denying the motion to reinstate, we dismiss the appeal for lack of jurisdiction.

On March 6, 2025, the Clerk of this Court notified Appellant of the Court's intent to dismiss the appeal for want of jurisdiction based on the lack of a final, appealable order, unless any party could show grounds for continuing the appeal. Pursuant to Texas Rule of Appellate Procedure 42.3(a), the notice cautioned Appellant that the appeal would be submitted for dismissal if it did

---

[1] This appeal was transferred from the Third Court of Appeals pursuant to a Texas Supreme Court docket equalization order. Accordingly, we apply the Third Court of Appeals' precedent to the extent it conflicts with our own. *See* Tex. R. App. P. 41.3.

not show the basis for this Court's jurisdiction by March 16, 2025. Appellant responded by asking this Court to refrain from dismissing the appeal pending the submission of the reporter's record containing the oral ruling denying the motion to reinstate.

Appellate courts have jurisdiction over final judgments and interlocutory orders authorized by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001). A written order is necessary for a party to perfect an appeal as the appellate timetables run from the date the judgment or order is signed. *See* Tex. R. App. P. 26.1. A trial court's oral pronouncement cannot substitute for the written order required by rule. *See Salinas v. Salinas*, No. 08-17-00006-CV, 2017 WL 2889058, at *1 (Tex. App.—El Paso July 7, 2017, no pet.) (mem. op.) (citing *Emerald Oaks Hotel/Conference Center, Inc. v. Zardenetta*, 776 S.W.2d 577, 578 (Tex. 1989) (orig. proceeding) (per curiam)).

Accordingly, because there is no appealable order or judgment, we dismiss this appeal for want of jurisdiction.


LISA J. SOTO, Justice


March 27, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.


2