**R. E. WALKER, Jr., Relator,**

v.

**Hon. John Ray HARRISON, Judge, et al., Respondents.**

No. B–9036.

Supreme Court of Texas.

April 16, 1980.

Rehearing Denied May 21, 1980.

---

DeLange, Hudspeth, Pitman & Katz, Eugene J. Pitman, Houston, for relator.

Hirsch, Westheimer, Block & Wilk, Joe Holzer, Houston, for respondents.

SPEARS, Justice.

Relator Walker petitions this court in an original proceeding for a writ of mandamus to compel District Judge Harrison to vacate his order reinstating a case previously dismissed for want of prosecution. We conditionally grant the writ of mandamus.

The question presented is whether Judge Harrison reinstated the case in accordance with rule 165a[1] before the trial court lost jurisdiction to do so. The pertinent part of rule 165a provides:

> Within thirty days after the signing of the order of dismissal, the court shall reinstate the case upon finding, after hearing, that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake. Where after a hearing the court finds that neither the party nor his attorney received a mailed notice, or acquired actual notice in any manner, of either the court's intention to dismiss or the order of dismissal prior to the expiration of twenty days after the signing of such order, the court may reinstate the case at any time within thirty days after the party or his attorney first received either a mailed notice or actual notice, but in no event later than six months after the date of signing the order of dismissal.

Relator Walker was the plaintiff in the trial court in a suit styled *Walker v. Oak Ridge Townhouse Apartments, Ltd., et al.* One of the defendants, Houston National Bank, a respondent here, filed a counterclaim seeking to recover on several promissory notes. The court clerk, sometime prior to April 2, 1979, mailed a notice of intent to dismiss to the parties. The postcard notice stated that the case would be dismissed for want of prosecution on April 2, 1979 unless affirmative action was taken to retain it on the docket. No action was taken, and on April 12, the trial judge signed an order dismissing the case.

Counsel for the bank received actual notice of the dismissal on April 16 and on April 24 filed a motion to reinstate the

---

1. All references to rules are to Texas Rules of Civil Procedure Annotated.

counterclaim. A hearing on the motion was held on April 30. An entry on the docket sheet of the court dated April 30 reads: "Motion to reinstate denied, pleadings to be amended then granted." Nothing further appears to have occurred until the trial judge rendered a signed order of reinstatement bearing the date of October 15.

The written order of reinstatement recites that it "came on to be heard" on April 30. As originally typed, the order read "Entered this 30th day of April 1979," but the day and month have been marked through and "15" and "October" inserted, apparently in the handwriting of Judge Harrison whose name is signed at the end of the order. There is also a May 2 file mark on the order.

The bank acknowledged in its motion to reinstate that its attorney received actual notice on April 16, within 20 days from the signing of the order of dismissal. Under rule 165a, the trial court had only 30 days from the signing of the order of dismissal to reinstate the case. The 30-day period expired on Saturday, May 12; therefore, the last day on which the trial court could have reinstated the case was Monday, May 14. *See* rule 4.

■ This court has repeatedly held that the time limits provided in rule 165a are mandatory and jurisdictional and that orders of reinstatement entered after their expiration are void. *Harris County v. Miller*, 576 S.W.2d 808, 809 (Tex.1979); *Danforth Memorial Hosp. v. Harris*, 573 S.W.2d 762, 763 (Tex.1978); *N–S–W Corp. v. Snell*, 561 S.W.2d 798, 798 (Tex.1977). When the party seeking reinstatement of the case has actual knowledge of the dismissal within 20 days of the order of dismissal, an attempt to reinstate the case more than 30 days after the order has been signed is void because the court is without jurisdiction. In *N–S–W Corp. v. Snell, supra*, at 799 we held that a docket entry showing that reinstatement occurred within 30 days was ineffective to contradict or impeach the written

order of reinstatement signed after 30 days had expired; thus, the order was void.

Respondent bank argues that the trial court did act within the 30-day limit by orally granting the motion on April 30 and entering its action on the docket sheet. This contention is supported, it is argued, by the clerk's file stamp indicating that the written order was filed on May 2. The bank, citing *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 58 (Tex.1970) and *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289, 292 (1953), contends that an order or judgment is rendered when the decision is officially announced either orally in open court or by memorandum filed with the clerk. The bank points out that under rule 306a oral judgments or orders are valid. *See Dunn v. Dunn*, 439 S.W.2d 830, 832–33 (Tex.1969).

■ There is, however, no statement of facts to support the bank's assertion that the trial court orally granted the motion for reinstatement. In fact, the docket entry indicates that the motion was denied. Moreover, the clerk's file mark on an order is not instructive. Orders of the court are not required to be filed by the clerk; they are signed by the judge and entered on the minutes of the court by the clerk. Neither the date of filing nor the date of entering a judgment is indicative of the date of signing. *See Heard v. Heard*, 305 S.W.2d 231, 234 (Tex.Civ.App.—Galveston 1957, writ ref'd).

■ While it is true that orders and judgments may be orally pronounced in open court, a different rule applies when there is a time limit placed on the court's jurisdiction to act on a matter. When there is a time limit within which the court has jurisdiction to act, the order must be in writing, specific, and signed by the trial judge. *See Reese v. Piperi*, 534 S.W.2d 329, 331 (Tex.1976). In the recent case of *McCormack v. Guillot*, 597 S.W.2d 345 (Tex.1980) we noted the general rule:

During the time in which a court may vacate, set aside, modify or amend its

previous order, such action must, to be effective, be by written order that is express and specific.

Thus, a written order signed by the trial judge was required within the 30-day time limit imposed by rule 165a; otherwise the trial court was without jurisdiction to reinstate the case. Since the written order was dated October 15, outside the 30-day limit, the attempted order of reinstatement was void.[2]

There is one final matter to consider. At the end of the order of October 15 it is stated: "Entered this 15th day of October 1979." Although the use of the word "entered" is not helpful in determining when the order was actually signed by the judge, the record establishes that this is the date the trial judge signed the order, and there is nothing to indicate otherwise. Moreover, relator Walker's verified petition in this court asserts that October 15 was the date of signing. In the absence of a verified denial of that fact, it is admitted as true. *Burgemeister v. Anderson*, 113 Tex. 495, 259 S.W. 1078 (1924).

Relying on *Dean v. Warren*, 464 S.W.2d 672 (Tex.Civ.App.—Tyler 1971, no writ), respondent bank contends that because no date of signing is recited in the judgment, the date of rendition of the order should be deemed to be the date of the hearing. *Dean* and the authorities cited therein involve the question whether steps for appeal were timely taken by an appellant under rule 306a. Under rule 306a, "the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge *as stated therein*." (emphasis added). When there is a recital of the date of signing on the face of the judgment, that date controls. *Polis v. Alford*, 267 S.W.2d 918, 919 (Tex.Civ.App.—San Antonio 1954, no writ); *Cox v. Payne*, 231 S.W.2d 957, 958 (Tex.Civ.App.—Amarillo 1950, no writ).

When the judgment does not recite the date it was signed, it has been held that the critical time limits for determining steps for appeal are calculated from the date of rendition of the judgment as shown on the face of the judgment. *Heard v. Heard*, 305 S.W.2d 231, 235 (Tex.Civ.App.—Galveston 1957, writ ref'd); *Magic Valley Produce Co. v. Baldridge*, 393 S.W.2d 418, 420 (Tex.Civ.App.—Corpus Christi 1965, no writ); *Headley Indep. School Dist. v. Doneghy*, 358 S.W.2d 724, 726 (Tex.Civ.App.—Amarillo 1962, no writ). These cases are not controlling here, however. They involve a determination of when a judgment is rendered for the purpose of calculating the time from which the various steps of appeal must be taken under rule 306a. In the case before us, an entirely different question is presented—has the trial court acted within the time limit imposed by rule 165a before the court lost jurisdiction?

Finally, we are constrained to point out that the use of the word "entered" indicates that both trial counsel, who approved the order as to form, and the trial judge, who signed the order, ignored the clear mandate of this court in *Burrell v. Cornelius*, 570 S.W.2d 382, 384 (Tex.1978) that all orders and judgments reflect the date of *signing*, not that of *entering*. "'Entered' is synonymous with neither 'Signed' nor 'Rendered'." *Id.* Entry is done by the clerk in the minutes of the court and occurs after the judge has signed the order or judgment.

We assume that Judge Harrison will vacate his October 15 order of reinstatement voluntarily, and a writ of mandamus will issue only if he refuses to do so.

---

**2.** Additionally, the October 15 order was more than six months after the dismissal and was also void for that reason.