**Inge PEDAVOLI, Appellant,**

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION, Appellee.**

No. 11–86–117–CV.

Court of Appeals of Texas, Eastland.

Dec. 4, 1986.

Gene W. Caldwell, Bain, Files, Allen & Caldwell, Tyler, for appellant.

Jack Norwood, Holcomb & Norwood, Tyler, for appellee.

## OPINION

McCLOUD, Chief Justice.

At issue is the validity of a judgment nunc pro tunc purporting to set aside a prior written order dismissing the cause for want of prosecution.

The defendant, Inge Pedavoli, filed a motion challenging the court's jurisdiction to proceed to trial on the merits. Plaintiff, General Motors Acceptance Corporation, filed a motion for judgment nunc pro tunc. Following a hearing, the trial court overruled defendant's motion and rendered a judgment nunc pro tunc stating that the court by clerical error entered an order of dismissal for want of prosecution on June 18, 1985. The judgment nunc pro tunc, signed on February 24, 1986, ordered that the June 18, 1985, order of dismissal be set aside and that the case be "restored to the trial docket and a new trial granted." Following a trial on the merits, judgment was rendered in favor of General Motors Acceptance Corporation against Inge Pedavoli for $2,485.19 plus attorney's fees. Defendant appeals. We reverse the trial court's judgment and dismiss the cause.

Defendant contends in a single point of error that the court erred in overruling her plea to the jurisdiction.

The evidence reflects that on May 14, 1985, the plaintiff's attorney received a notice from the court that the instant case, among others, would be dismissed for want of prosecution on June 17, 1985, unless a request for a trial setting was made prior to that time. Plaintiff's attorney prepared a "Request for Setting" on June 7, 1985, and delivered it to the clerk's office for filing. On June 18, 1985, the trial judge signed an order dismissing the case for want of prosecution. The defendant's attorney received a certified copy of the dismissal which showed that it had been filed by the clerk among the papers in the cause. The plaintiff's attorney did not receive any notice that the case had been dismissed. The court's docket sheet shows that on June 18, 1985, the court rendered the order of dismissal. That entry has a line drawn through it and a second entry for June 18, 1985, states "case not dismissed—set for trial week of July 15, 1985."

The original order of dismissal dated June 18 was not in the case file. Both the trial judge and the court's clerk agreed that the original order of dismissal had been signed and filed, but neither had an explanation as to why the original order was not in the case file at the time of trial.

The trial judge, after reviewing the court docket and the case file, testified that she set aside the order of dismissal upon discovering that a request for a trial setting had been filed before the dismissal was signed by the court. The trial judge testified that she did not sign a subsequent order setting aside the June 18, 1985, order of dismissal. The judge stated that she entered an order by notation on the docket sheet that the case not be dismissed but set for trial.

The issue is narrow. The trial court signed an order of dismissal for want of prosecution on June 18, 1985. Later on that same date, the trial court made a docket entry that the case not be dismissed. No written order was signed by the trial court vacating the June 18, 1985, dismissal order until the judgment nunc pro tunc was signed on February 24, 1986. The judgment nunc pro tunc was signed by the trial

court more than six-months after the order of dismissal was signed.[1]

Our Supreme Court in *Walker v. Harrison,* 597 S.W.2d 913 (Tex.1980), said the following in answering an argument concerning an oral reinstatement following an order of dismissal for want of prosecution:

> While it is true that orders and judgments may be orally pronounced in open court, a different rule applies when there is a time limit placed on the court's jurisdiction to act on a matter. When there is a time limit within which the court has jurisdiction to act, the order must be in writing, specific, and signed by the trial judge. See *Reese v. Piperi,* 534 S.W.2d 329, 331 (Tex.1976). In the recent case of *McCormack v. Guillot,* 597 S.W.2d 345 (Tex.1980) we noted the general rule:
>
> > During the time in which a court may vacate, set aside, modify or amend its previous order, such action must, to be effective, be by written order that is express and specific.
>
> Thus, a written order signed by the trial judge was required within the 30-day time limit imposed by rule 165a; otherwise the trial court was without jurisdiction to reinstate the case. Since the written order was dated October 15, outside the 30-day limit, the attempted order of reinstatement was void.

See also *Courtlandt Corporation v. Trico Service Corporation,* 600 S.W.2d 883 (Tex. Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.), concurring opinion by Justice Evans.

*Reese v. Piperi,* 534 S.W.2d 329 (Tex. 1976), cited by the Court in *Walker,* expressly disapproved *Travelers Express Company, Inc. v. Rener,* 493 S.W.2d 549 (Tex.Civ.App.—Eastland 1973, no writ), wherein this Court held that a nunc pro tunc order was proper to show that the trial court timely rendered an oral pronouncement granting a new trial. *McCormack v. Guillot,* 597 S.W.2d 345 (Tex. 1980), also cited in *Walker,* and *Taack v. McFall,* 661 S.W.2d 923 (Tex.1983), hold that the failure to sign a written order within the time limitations prescribed in TEX.R.CIV.P. 329b is not a clerical error that can be corrected by a judgment nunc pro tunc.

It is clear from *Walker v. Harrison,* supra, that the time limitations contained in TEX.R.CIV.P. 165a, like the time limitations contained in TEX.R.CIV.P. 329b, restrict the court's jurisdiction to act and that an order reinstating a previously dismissed case must be in "writing, specific, and signed by the trial judge."

We hold that the nunc pro tunc order was void. The trial court erred in denying the defendant's plea to the jurisdiction.

The judgment of the trial court is reversed, and the cause is dismissed.

[redacted]

1. TEX.R.CIV.P. 165a contains a six-month time limit for reinstating a case dismissed for want of prosecution.