Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00671-CV

## IN RE OFFICE OF THE ATTORNEY GENERAL OF TEXAS

Original Mandamus Proceeding[1]

Opinion by:  Rebecca Simmons, Justice

Sitting:  Catherine Stone, Chief Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed:  December 7, 2011

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On September 14, 2011, relator the Office of the Attorney General of Texas (OAG) filed a petition for writ of mandamus, complaining of the trial court's order reinstating a suit for modification of the parent-child relationship.  We conclude the trial court erred in reinstating the suit and conditionally grant mandamus relief.

## BACKGROUND

In 2004, a divorce decree was entered in Bastrop County between real parties in interest Jimmy DeWayne Terry and Linda Motl Terry.  Jimmy and Linda are the parents of D.B.T. and E.B.T.  The divorce decree awarded Linda the exclusive right to determine the primary residence of the children, and ordered Jimmy to pay child support.  In August of 2005, Jimmy filed a

---

[1] This proceeding arises out of Cause No. 05-1597-CV, styled *In the Interest of D.B.T. and E.B.T.*, pending in the 2nd 25th Judicial District Court, Guadalupe County, Texas, the Honorable Gus J. Strauss, visiting judge, presiding.

motion to modify the conservatorship and child support provisions of the decree, and shortly thereafter the suit was transferred to Guadalupe County following a motion to transfer filed by Linda. In October of 2005, the trial court in Guadalupe County signed agreed temporary orders awarding Jimmy the exclusive right to determine the primary residence of the children and ordered Linda to pay child support. On December 5, 2007, the modification suit was dismissed for want of prosecution. Then, July 5, 2011, Jimmy filed a motion to reinstate the modification suit, and on August 25, 2011 the trial court issued an order reinstating the suit. OAG now seeks mandamus relief from this court based on the trial court's order reinstating the modification suit.

## ANALYSIS

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Mandamus relief is appropriate when a trial court reinstates a suit after its plenary power has expired. *In re Montemayor*, 2 S.W.3d 542, 544 (Tex. App.—San Antonio 1999, orig. proceeding); *see also In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (holding mandamus relief is appropriate when a trial court issues an order after its plenary power has expired).

OAG contends the trial court erred in reinstating the modification suit three and half years after it was dismissed for want of prosecution. If a case is dismissed for want of prosecution, a party seeking reinstatement of the case must file a verified motion to reinstate within thirty days after the date on which the order of dismissal was signed. TEX. R. CIV. P. 165a(3). In the absence of a verified motion to reinstate, the trial court's plenary power expires thirty days after the date on which it signed the dismissal order. *Id.* There is an exception to this

rule if the party learns of the order more than twenty, but less than ninety, days after the order was signed. TEX. R. CIV. P. 306a(4). In such a case, the thirty day period begins to run from the day the party receives actual notice or acquires actual knowledge of the order, but in no event does the thirty day period begin to run more than ninety days after the order is signed. *Id.*

In the case at hand, the order of dismissal was signed on December 5, 2007. However, Jimmy contends he did not learn of the dismissal until April of 2011, and on July 5, 2011 he filed his motion to reinstate. It is clear Jimmy sought to reinstate the modification suit well outside the trial court's plenary power. *See* TEX. R. CIV. P. 165a(3); TEX. R. CIV. P. 306a(4). However, Jimmy contends that because this is a case involving child custody, reinstatement was proper because the trial court maintained continuing exclusive jurisdiction over the case. *See* TEX. FAM. CODE ANN. § 155.002 (West 2008).

While we agree that a trial court that has continuing, exclusive jurisdiction retains jurisdiction of the parties and matters, the trial court is not authorized to reinstate a dismissed case outside its plenary power. *Id.*; *Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980) (orig. proceeding). Jimmy has confused the trial court's general jurisdiction with a trial court's specific jurisdiction over a particular case. Once a modification suit has been dismissed and has become final, a party seeking a modification must file a new modification suit. *See* TEX. FAM. CODE ANN. § 156.004 (procedure for filing a modification suit). The time limits provided in Rule 165a are mandatory and jurisdictional and orders of reinstatement entered after their expiration are void. *Walker*, 597 S.W.2d at 915. Because the trial court's order reinstating the modification suit was clearly outside the expiration of the trial court's plenary power, it is void and mandamus relief is appropriate. *Id.*

## CONCLUSION

Accordingly, because we conclude the trial court erred in reinstating the modification suit, we conditionally grant the petition for writ of mandamus. The writ will issue only if the trial court fails to withdraw the August 25, 2011 Order Granting Motion to Reinstate After Dismissal Without Prejudice and dismiss the suit within fourteen days.

Rebecca Simmons, Justice