**Motion Granted and Order filed June 15, 2015**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-01019-CV
_____

**NEWELL M. EVANS, Appellant**

**V.**

**THEODORE P. FULLER, Appellee**

On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 11-DCV-187877

## ORDER

Appellant has filed a motion challenging the trial court's order sustaining a contest to appellant's affidavit of indigence.

This is an appeal from a judgment signed December 22, 2014. The notice of appeal was filed January 29, 2015. On June 10, 2014, more than six months before the judgment was signed, appellant filed a premature notice of appeal in the trial court. He also filed a document entitled "Unsworn Declaration of Inability to Pay any part of Cost of Court, provide Appeal Bond or give Security for Cost of

Court." The record does not reflect that any document concerning indigence was filed between December 22, 2014, the date the judgment was signed, and January 29, 2015, the date appellant filed his notice of appeal from that signed judgment.

On February 2, 2015, appellant filed, in this court, an "unsworn declaration of indigence," by which he asked to proceed without advance payment of costs. *See* Tex. R. App. P. 20.1(a)(2). On February 9, 2015, court reporter Elizabeth Wittu filed, in the trial court, a contest to appellant's affidavit of inability to pay costs. *See* Tex. R. App. P. 20.1(e). A hearing was scheduled on the contest for February 18, 2015. According to the trial court's docket sheet, appellant did not appear that day, and counsel for appellee passed the hearing until the following day. The docket sheet reflects no party or lawyer appeared for the hearing on February 19. On February 24, 2015, associate judge Pedro Ruiz made a notation in the docket sheet that he had taken judicial notice of the file, and appellant's "request for relief" was denied in camera.

This court sent a letter to the district court on April 7, 2015, in which we wrote in relevant part:

> On February 2, 2015, appellant filed in this court an affidavit of indigence. The affidavit, which was filed in this court in error, is being sent to the trial court clerk as an attachment to this notice. *See* Tex. R. App. P. 20.1(c)(1). This court is unaware of whether an affidavit of indigence was filed in the trial court. The trial court clerk is instructed to note the date the affidavit is received in the trial court, but to file the affidavit effective as of the date the affidavit was filed in this court. If an affidavit has also been filed in the trial court, the court is instructed to proceed as usual with the affidavit in the trial court and notify this court of its ruling.

Following our letter, a hearing on appellant's affidavit of indigence was scheduled for April 28, 2015. The docket sheet indicates the hearing was reset for May 7, 2015. On May 13, 2015, the associate judge again made an entry on the

2

docket sheet that the court was unable to find appellant indigent.

Appellant filed a motion in this court on June 3, 2015, challenging the trial court's order sustaining the contest to indigence.[1] On June 4, 2015, we ordered the district clerk to file a supplemental clerk's record with the trial court's order sustaining the contest to indigence, or, if no such order exists, a certified statement to that effect. On June 8, an affidavit of Lisa Tucker, an appeal clerk of the Fort Bend County District Clerk's Office, was filed in this court. The affidavit states: "As of today's date there is only a docket sheet entry dated 5/13/15 stating that the Application for Indigency [sic] was denied."

We first consider whether appellant timely filed his affidavit of indigence. An affidavit of indigence must be filed in the trial court with or before the notice of appeal. Tex. R. App. P. 20.1(c)(1). Appellant filed two affidavits: one on June 10, 2014, contemporaneously with his premature notice of appeal, and a second on February 2, 2015, four days after his notice of appeal following the trial court's judgment. An appellate court may extend the time to file an affidavit of indigence if party moves for an extension within 15 days after the deadline for filing the affidavit. Tex. R. App. P. 20.1(c)(3). Appellant did not file a motion for extension to file his affidavit of indigence. However, a court of appeals may treat actions taken before an appealable order is signed as relating to an appeal of that order and give them effect as if they had been taken after the order was signed. Tex. R. App. P. 27.2. Therefore, we will treat appellant's June 10, 2014 affidavit as having been filed on January 29, 2015, the day appellant filed his notice of appeal.

Any contest to the affidavit of indigence must be filed no later than 10 days after the affidavit was filed. The trial court must conduct a hearing on the contest

---

[1] Appellant says he did not receive notice of the trial court's ruling until May 26, 2015. He contends that his motion, filed eight days after he received notice, is timely. Tex. R. App. P. 20.1(j)(2).

within 10 days after the contest is filed, unless the court has granted an extension of time of no more than 20 days for the hearing. Tex. R. App. P. 20.1(i)(2), (3). Unless the trial court signs an order sustaining the contest within the time period set for the hearing, the allegations in the affidavit will be deemed true and the party will be allowed to proceed without the advance payment of costs. Tex. R. App. P. 20.1(i)(4). The trial court clerk must then prepare the appellate record without prepayment. Tex. R. App. P. 20.1(j).

Wittu's contest was timely filed. *See* Tex. R. App. P. 20.1(e)(1). A hearing was timely held, even though appellant did not appear. *See* Tex. R. App. P. 20.1(i)(2)(a). However, no order sustaining the contest to appellant's claim of indigence was signed within the required time period. A docket entry cannot be substituted for a written order when that order is required to be made within a certain amount of time. *See Walker v. Harrison*, 597 S.W.2d 913, 915-16 (Tex. 1980) (orig. proceeding). Accordingly, appellant is deemed INDIGENT for purposes of appeal.

Therefore, we order the Fort Bend County District Clerk to prepare and file a supplemental clerk's record containing the required contents listed in Texas Rule of Appellate Procedure 34.5(a) that were not included in the records already filed. If any required items are not part of the case file, the supplemental clerk's record shall contain a certified statement that the omitted item is not part of the file. The supplemental clerk's record shall be due within 30 days of the date of this order.

PER CURIAM

Panel consists of Justices Boyce, McCally, and Donovan.