

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00034-CV

_____

DIANE CUMMINGS AND EVERETT CUMMINGS, Appellants

V.

HEIDI BILLMAN, CAROLE BILLMAN, AND BRADLEY BILLMAN, Appellees

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 18-1841-431

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

This case involves claims for property damage and personal injuries arising from a motor vehicle accident. The trial court dismissed Appellants' case for want of prosecution. Appellants timely filed their first motion to reinstate but, according to the record, withdrew it after the trial court's plenary jurisdiction had expired. Appellants then filed their second motion to reinstate, which the court did not act upon because it concluded that it lacked plenary jurisdiction to do so. Because we hold that Appellants failed to preserve error regarding their motions to reinstate and the trial court did not abuse its discretion by dismissing the case for want of prosecution, we affirm the judgment of the trial court.

## I.      Background

Appellants filed their case against Appellees on February 28, 2018. On August 29, 2019, because of the parties' noncompliance with the time standards for disposition of cases promulgated by the Texas Supreme Court and set out in the Denton County Court Rules for District Courts, the trial court sent a Notice of Dismissal Setting to lead counsel for both Appellants and Appellees. *See* Tex. R. Civ. P. 165a(2). The notice provided that the trial court would dismiss the case at a dismissal hearing on October 11, 2019, unless:

> 2) The attorneys and/or pro se parties present an agreed "Scheduling Order and Discovery Control Plan" for entry by the Court, and:

2

a. they **must** contact the Court Administrator no later than 10 days prior to the dismissal setting to request a trial date and a pre-trial date (if applicable);

b. the Order **must** contain completed deadlines and discovery limitations as indicated;

c. the Order **must** include the client's signature if represented by counsel; and

d. the Order **must** be submitted no later than 7 days prior to the dismissal setting.

OR

3) The attorneys and/or pro se parties <u>appear</u> at the dismissal setting and <u>present a proposed "Scheduling Order and Discovery Control Plan"</u> compliant with 2a.–c. above. At that time, the Court will hear any objections of any other attorney and/or pro se party to the proposed Order. [Emphasis in original.]

On October 8, 2019—just three days before the dismissal hearing—a proposed Scheduling Order and Discovery Control Plan in the form promulgated by the trial court was signed by both counsel and was filed with the court by Appellants' counsel. However, the form failed to comply with the trial court's mandate that it be signed by the clients who were represented by counsel. The trial court's required form included blanks for client signatures, so it was apparent that the form was incomplete.

On October 11, 2019, neither Appellants nor their counsel appeared at the dismissal hearing, and the trial court signed its Order of Dismissal for Want of Prosecution. Appellants' failure to appear at the dismissal hearing was noted in the recitals of the order, but the decretal language of the order did not state a specific

3

ground upon which the dismissal was based. No findings of fact and conclusions of law were requested by the parties or made by the trial court.

On Monday, November 11, 2019, Appellants timely filed a motion for reinstatement pursuant to Rule 165a(3) of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 4, 165a(3). For reasons not apparent on the face of the record, on November 14, 2019, Appellants cancelled their electronic filing and withdrew their motion to reinstate.[1]

On December 4, 2019, Appellants filed their second motion for reinstatement, and on December 18, 2019, Appellants requested a hearing on that motion. On January 21, 2020, the trial court, having determined that it lost plenary power on November 11, 2019, declined to set a hearing on Appellants' second motion for reinstatement.

On January 22, 2020, Appellants filed their notice of appeal, and on January 24, 2020, Appellants filed a Motion to Extend the Time for the Filing of the Notice of Appeal. On February 27, 2020, this Court granted Appellants' Motion to Extend the Time for Filing of the Notice of Appeal and held that Appellants' notice of appeal

---

[1]Counsel for Appellants insists in the reply brief that he did not withdraw his timely filed first motion to reinstate. However, there is nothing in the record on appeal that explains or contradicts the official record, and we cannot consider matters outside the appellate record in rendering our decision. *Jones v. Warren*, No. 02-12-00154-CV, 2013 WL 4679731, at *2 (Tex. App.—Fort Worth Aug. 29, 2013, no pet.) (mem. op.); *Walp v. Williams*, 330 S.W.3d 404, 408 (Tex. App.—Fort Worth 2010, no pet.); *In re A.D.A.*, 287 S.W.3d 382, 389 (Tex. App.—Texarkana 2009, no pet.) (op. on reh'g).

was timely without deciding the questions of the timeliness of the motions for reinstatement and the trial court's plenary jurisdiction. *See Cummings v. Billman*, No. 02-20-00034-CV, 2020 WL 938172, at *4 (Tex. App—Fort Worth Feb. 27, 2020, no pet.).

## II.     Standards of Review

### (a)     Preservation of Error

As a prerequisite for presenting a complaint for appellate review, a party must secure a ruling, or a refusal to rule, on the point by the trial court. *See* Tex. R. App. P. 33.1(a)(2); *Salinas v. Aguilar*, No. 04-11-00260-CV, 2012 WL 848147, at *2 (Tex. App.—San Antonio Mar. 14, 2012, no pet.) (mem. op.); *In re Estate of Blankenship*, No. 04-08-00043-CV, 2009 WL 1232325, at *5 (Tex. App.—San Antonio May 6, 2009, pet. denied) (mem. op.).

### (b)     Dismissal for Want of Prosecution

A dismissal for want of prosecution is reviewed under an abuse of discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *Johnson-Snodgrass v. KTAO, Inc.*, 75 S.W.3d 84, 87 (Tex. App.—Fort Worth 2002, pet. dism'd). If the order does not specify a particular reason for the dismissal, and in the absence of findings of fact and conclusions of law, we will affirm if any ground supports the dismissal. *Henderson v. Blalock*, 465 S.W.3d 318, 321 (Tex.

App.—Houston [14th Dist.] 2015, no pet.); *Fox v. Wardy*, 225 S.W.3d 198, 200 (Tex. App.—El Paso 2005, pet. denied); *Shook v. Gilmore & Tatge Mfg. Co.*, 951 S.W.2d 294, 296 (Tex. App.—Waco 1997, pet. denied).

## III.   Analysis

Appellants' "Issues Presented on Appeal" section in their brief recites,

> Plaintiffs/Appellants and their counsel did not deliberately disregard the August 29, 2019 dismissal notice of the Trial Court and did not act with conscious indifference to the potential dismissal of the case for want of prosecution. The Court of Appeals should reverse the dismissal order of the Trial Court, and remand the case for a full trial on the merits.

In the arguments in their brief, Appellants raise two sub arguments. They argue that the trial court abused its discretion by not reinstating the case and by dismissing their case for want of prosecution.

In the first part of their sole issue, Appellants argue that the trial court erred by not reinstating the case. Appellants, however, failed to preserve this complaint for our review. Under Rule 33.1, to present a complaint for appellate review, the record must show that (1) the complaint was made to the trial court by a timely request, objection, or motion, and (2) the trial court (a) ruled on the request, objection, or motion or (b) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal. Tex. R. App. P. 33.1(a). In this case, the record shows that the trial court never ruled on, or refused to rule on, Appellants' first motion to reinstate. Instead, Appellants withdrew their first motion to reinstate three days after it was timely filed but before the trial court ruled on it. Accordingly, the trial court neither

6

ruled on nor refused to rule on Appellants' first motion to reinstate, so Appellants have failed to preserve any complaint regarding this motion's merits for appellate review. *See* Tex. R. App. P. 33.1(a)(2); *Arcos v. State*, Nos. 01-10-00342-CR, 01-10-00343-CR, 2011 WL 2652262, at *3 (Tex. App.—Houston [1st Dist.] July 7, 2011, pet. ref'd) (mem. op.) (holding error was not preserved for appellate review when the complaining party made an initial objection but subsequently withdrew it); *see also Salinas*, 2012 WL 848147, at *2 (holding appellants waived complaint on appeal because they failed to have their motion heard within the court's plenary power when appellants voluntarily agreed to reset hearing on the motion for a date outside the court's plenary power).

The trial court refused to rule on Appellants' second motion to reinstate, which was filed on December 4, 2019, because that motion was filed after the trial court's plenary jurisdiction had expired. *See* Tex. R. Civ. P. 165a(3), 306a(1), 329b(d). Appellants argue that the trial court erred by determining that its plenary power had expired at the time the second motion to reinstate was filed and therefore erred by refusing to consider the motion. Appellants argue the trial court's conclusion regarding plenary power "is directly at odds with the opposite conclusion of [this Court]." *See Cummings*, 2020 WL 938172, at *4. However, in our earlier opinion addressing Appellants' request to extend the time for filing their notice of appeal, we detailed the distinctions between plenary power and extensions of appellate deadlines and the rules that govern each. *See id.* at *3–4. Indeed, we expressly stated that we did

7

not need to decide whether "the trial court lost plenary power in this case when Appellants effectively withdrew their motion to reinstate by canceling the efiling transaction." *Id.* at *3.

Appellants' first motion to reinstate was withdrawn more than thirty days after the trial court signed the dismissal order. The immediate effect of that withdrawal was to cause the trial court to lose plenary power over the case. *See In re P.M.G.*, 405 S.W.3d 406, 414 (Tex. App.—Texarkana 2013, no pet.) (*citing Rogers v. Clinton*, 794 S.W.2d 9, 11 (Tex. 1990) (orig. proceeding); Tex. R. Civ. P. 329b(d)); *see also Cummings*, 2020 WL 938172, at *3 (noting that *Rogers* "would suggest that the trial court lost plenary power in this case when Appellants effectively withdrew their motion to reinstate by canceling the efiling transaction"); *In re Dilley ISD*, 23 S.W.3d 189, 191 (Tex. App.—San Antonio 2000, orig. proceeding) ("If a party withdraws a motion for new trial, the period of time for the trial court's plenary power reverts back to thirty days from the date the judgment is signed."), *abrogated in part by In re Schmitz*, 285 S.W.3d 451 (Tex. 2009) (orig. proceeding).

The Supreme Court has "repeatedly held that the time limits provided in rule 165a are mandatory and jurisdictional and that orders of reinstatement entered after their expiration are void." *Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980) (orig. proceeding). "When the party seeking reinstatement of the case has actual knowledge of the dismissal within 20 days of the order of dismissal, an attempt to reinstate the case more than 30 days after the order has been signed is void because the court is

8

without jurisdiction." *Id.* Here, Appellants' second motion to reinstate was filed well beyond the thirty-day period after the order of dismissal was signed. Therefore, the trial court correctly reasoned that it lacked plenary power to consider Appellants' second motion to reinstate. Because Appellants failed to timely file their second motion to reinstate, the trial court lacked plenary power to rule on it. Appellants have thus waived any complaint on appeal regarding the merits of their second motion to reinstate. *See* Tex. R. App. P. 33.1(a); *Salinas*, 2012 WL 848147, at *2; *Blankenship*, 2009 WL 1232325, at *5.

Regarding the second subpart of Appellants' issue on appeal, the trial court did not abuse its discretion by dismissing Appellants' case for want of prosecution. The trial court's authority to dismiss a case for want of prosecution has two sources: Rule 165a of the Texas Rules of Civil Procedure and the court's common law inherent authority to dismiss a case when a plaintiff fails to prosecute his case with due diligence. *See* Tex. R. Civ. P. 165a(1), (2); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Rogers v. Franklin*, No. 02-07-114-CV, 2008 WL 1867151, at *2 (Tex. App—Fort Worth Apr. 24, 2008, no pet.) (per curiam) (mem. op.). Each of these grounds for dismissal (Rule 165a(1), Rule 165a(2), and the court's common law authority) provides an independent basis on which a trial court may dismiss a case for want of prosecution. Under Rule 165a(1) titled "Failure to Appear," a trial court may dismiss a case on the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice."

Tex. R. Civ. P. 165a(1); *see also Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 852 (Tex. 2004) ("All Rule 165a(1) requires is notice of intent to dismiss and of a date, time, and place for the hearing.").

Because Appellants failed to preserve any complaint regarding denial or refusal to hear their motions to reinstate, the only issue properly before this court is whether the trial court acted arbitrarily, unreasonably, or without reference to guiding rules and principles when it dismissed this case upon Appellants' failure to appear at the dismissal hearing. *See Darrell W. Cook P.C. v. Am. Litho Graphics, Inc.*, No. 05-15-00105-CV, 2016 WL 825673, at *1–2 (Tex. App.—Dallas Mar. 3, 2016, no pet.) (mem. op.) (concluding that where appellant appealed a dismissal for want of prosecution but did not file a motion to reinstate in the trial court, the only issue for review was whether the trial court abused its discretion by dismissing the case based on the rules for dismissal for want of prosecution). Appellants' arguments regarding their diligence in prosecution, their lack of intentional disregard of the dismissal notice, or their lack of conscious indifference are not relevant to this analysis. *See Pollefeyt v. Tex. Health Res.*, No. 02-19-00260-CV, 2020 WL 1888870, at *4–5 (Tex. App.—Fort Worth Apr. 16, 2020, no pet.) (mem. op.) (explaining that appeals from dismissal for want of prosecution and denial of reinstatement are separate issues and that diligence in prosecution and excuses for nonappearance are matters relevant to denial of reinstatement).

Eighteen months after Appellants filed their original petition, the trial court set this case on its dismissal docket pursuant to Rule 165a(2) and sent a Notice of Dismissal Setting to counsel for all parties. Appellants do not challenge the adequacy of the notice. The trial court's notice clearly and unequivocally stated its intent to dismiss the case at the dismissal hearing on October 11, 2019, at 3:00 p.m. The notice indicated dismissal could be avoided if certain express requirements for submission of a proposed scheduling order were met. The proposed scheduling order filed on October 8, 2019, failed to comply with the trial court's express requirements because (1) it did not include client signatures and (2) it was filed less than seven days before the dismissal hearing. Accordingly, the trial court held the dismissal hearing on October 11, 2019, at 3:00 p.m., and then dismissed the case because Appellants did not appear.

The Texas Supreme Court addressed a similar situation in *Alexander*. In that case, the trial court directed the parties to appear at a Rule 166 pretrial scheduling conference (set approximately 10 months after the suit was filed), at which attendance was mandatory, unless certain express requirements enumerated in its order were met. 134 S.W.3d at 846–47. The notice further stated that nonappearance at the hearing may result in dismissal. *Id.* at 847. The plaintiff did not comply with the express requirements in the order and did not appear at the scheduling conference, and the trial court dismissed the case for want of prosecution. *Id.* The plaintiff did not file a motion to reinstate but appealed the trial court's dismissal order. *Id.* The Supreme

Court, reversing the Austin Court of Appeals, affirmed the dismissal and held the trial court did not err by dismissing the case under Rule 165a(1) because the notice "clearly set a date and time for a hearing and clearly stated the parties could expect the court to dismiss the case for want of prosecution for nonattendance." *Id.* at 852.

The facts in this case provide even stronger support for the trial court's dismissal. Here, the trial court set the case on its dismissal docket because Appellants' case had not been disposed of within the time standards set out in Rule 6.1(a)(1) of the Rules of Judicial Administration and was thus subject to dismissal under Rule 165a(2). *See* Tex. R. Jud. Admin. 6.1(a)(1), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app.; Tex. R. Civ. P. 165a(2); *Alexander*, 134 S.W.3d at 847. There could be no question that the purpose of the October 11 hearing was to dismiss the case unless certain specific requirements were met. Appellants failed to comply with the trial court's stated requirements to take the case off the dismissal docket and then failed to appear for the dismissal hearing. Under these circumstances, dismissal for want of prosecution was within the trial court's discretion under the authority of Rule 165a(1). Appellants failed to comply with the trial court's directive in the Notice of Dismissal Setting and failed to appear at the dismissal hearing. Therefore, the trial court did not abuse its discretion by dismissing Appellants' case for want of prosecution, and the trial court's order must be affirmed. *See Alexander*, 134 S.W.3d at 852; *see also Pollefeyt*, 2020 WL 1888870, at *4; *Bilnoski v. Pizza Inn, Inc.*, 858 S.W.2d 55, 57 (Tex. App.—Houston [14th Dist.] 1993, no writ).

## IV.    Conclusion

The record on appeal demonstrates that although Appellants timely filed their first motion to reinstate, it was withdrawn and was not ruled on by the trial court before it was withdrawn. Appellants therefore failed to preserve any appellate complaint regarding this motion. Appellants' second motion to reinstate was filed after the trial court's plenary jurisdiction expired. Since Appellants did not file the second motion to reinstate within the court's plenary jurisdiction, they failed to preserve any appellate complaint regarding the merits of this motion as well. Finally, the trial court did not abuse its discretion by dismissing the case for want of prosecution. Having overruled all subparts of Appellants' issue, we affirm the judgment of the trial court.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  May 6, 2021

13