**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed November 30, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-23-00633-CV

**IN RE JOHN JOHNSON, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**333rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2022-63910**

## MEMORANDUM OPINION

Relator John Johnson requests this court grant the petition for writ of mandamus and issue an opinion that the trial court's order to reinstate is void. Alternatively, he requests the case be remanded with instructions for the trial court to vacate its order reinstating the case. The trial court's order reinstating the case came one day after the expiration of the trial court's plenary power.

Real party in interest Gabrielle Nguyen also made requests in her response:

1. Nguyen requests this matter be remanded to the trial court with instructions for the trial court to conduct a hearing on Real Party in Interest's timely filed motion to reinstate after Dismissal for Want of Prosecution since a hearing was not conducted previously and is required.

2. Alternatively, Nguyen argues that mandamus relief is not appropriate because she did not acquire actual notice of trial court's dismissal. Nguyen argues that because of that, the trial court's plenary power did not expire, and everything was within the deadline in this case.

3. Lastly, Nguyen argues that mandamus relief for relator would be inequitable. There was a failure of the E-filing system and Nguyen was diligent in her responsibilities to the court. She requests a remand and an order for the trial court to hold a hearing on reinstating the case.

## Background

The underlying case involved Nguyen providing her car to a business, KBB Best Motors, Inc. D/B/A XSELL Motors, which would lease the car out to customers for the day. John Johnson leased Nguyen's car for the day through that business. The vehicle was totaled while in Johnson's possession, giving rise to Nguyen's suit against Johnson and KBB Best Motors, Inc. D/B/A XSELL Motors.

On September 29, 2022, Nguyen sued Johnson.

On February 3, 2023, the trial court filed notice of intent to dismiss the case for want of prosecution unless Nguyen served the parties on or before March 27, 2023. Alternatively, if Nguyen did not serve the parties, she was required to set for hearing a verified Motion to Retain.

Nguyen argues that she diligently attempted to serve John Johnson but he had avoided service and moved around the country. However, he was eventually served on

March 13, 2023. This service came before the March 27, 2023 deadline, thus Nguyen did not file a verified motion to retain with the court.

Nguyen also filed proof of the service of Johnson with the court of March 13, 2023. However, this was not recorded, either by accident or issue with the E-Filing system. Because service was not recorded and no verified motion to retain was filed, the trial court dismissed the case on April 4, 2023.

Nguyen claims to have been unaware of the dismissal until April 13, 2023 when checking the District Court's website. In response, Nguyen filed a verified Motion to Retain on April 14, 2023 requesting a hearing with exhibits and an order.

On July 20, 2023 the trial court's plenary power expired; however, on July 21, 2023, the trial court granted reinstatement of the case without first holding a hearing.

On August 28, 2023 Johnson filed petition for writ of mandamus.

## Standard of Review

Generally, to be entitled to mandamus relief, a relator must demonstrate (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 226 (Tex. 2016) (orig. proceeding) (per curiam). A trial court abuses its discretion when it signs an order after its plenary power expires. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam). An order in which the trial court purports to grant a motion for new trial after its plenary power has expired is void. *See In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008) (orig. proceeding). It is not necessary for a relator to establish that he does not have an adequate remedy by appeal when the challenged order is void. *Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

Rule 306a provides that, if, within 20 days but no later than 90 days after a judgment is signed, a party adversely affected by the judgment has neither received the

clerk's notice nor acquired actual knowledge of the judgment, then the timeline for filing certain post-judgment motions, such as motions for new trials, begins on the date that the party received the clerk's notice or acquired actual knowledge of the judgment. Tex. R. Civ. P. 306a(4).

The Supreme Court has "repeatedly held that the time limits provided in rule 165a are mandatory and jurisdictional and that orders of reinstatement entered after their expiration are void." *Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980) (orig. proceeding).

## Analysis

The trial court exceeded its plenary power by granting reinstatement of the case on July 21, 2023, because it exceeded the extent of its plenary power. The date of the dismissal order was April 4, 2023. Under 165a(3) of the Texas Rules of Civil Procedure, a motion for reinstatement that is not decided by written order within 75 days of the date of dismissal is overruled by operation of law.[1] Tex. R. Civ. P. 165a(3). Here, 75 days passed on June 18, 2023. Because of a weekend and a Monday holiday, this extended the deadline to June 20, 2023. Tex. R. Civ. P. 4. However, the trial court still had plenary power to reinstate the case for 30 days beyond June 20, 2023 under 165a(3), which was July 20, 2023. Tex. R. Civ. P. 165a. The signed order to reinstate occurred on July 21, 2023, one day beyond the plenary power of the trial court.

Real party in interest Nguyen states that she became aware of the April 4, 2023 dismissal on April 13, 2023. Because of this, she argues that tolling for the dismissal by

---

[1] *See* Texas Rules of Civil Procedure 165a(3): "In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed, or, within such other time as may be allowed by Rule 306a, the motion shall be deemed overruled by operation of law. If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first."

operation of law does not begin until nine days later, which would put the July 21, 2023 date of reinstatement within the trial court's plenary power. However, Nguyen did not file a Rule 306a motion, the appropriate avenue for consideration when a party is unaware of a final judgment. The period of time before Nguyen became aware of the final judgment was only nine days. As such, Nguyen was also precluded from filing a viable Rule 306a motion, as the minimum time period of a party's unawareness of a final judgment must be at least 20 days. Tex. R. Civ. P. 306a(4).

The Supreme Court has "repeatedly held that the time limits provided in rule 165a are mandatory and jurisdictional and that orders of reinstatement entered after their expiration are void." *Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980) (orig. proceeding).

Since the trial court lost plenary power by not granting the motion to reinstate until after the thirty-day time period expired, the trial court's reinstatement order is void and must be vacated. *In re Brookshire Grocery Co.*, 250 S.W.3d at 70.

**Recourse for Real Party in Interest**

It appears that Nguyen did her due diligence and repeatedly followed up with staff at the court in an attempt to have the reinstatement order signed. It is therefore unfortunate that the lack of action on part of the trial court prevented the effect of a reinstatement order it obviously intended to sign and ultimately did sign one day too late. However, mandamus was not the only avenue available to Nguyen.

Nguyen could have appealed the April 4, 2023 dismissal. Nguyen could have also appealed the failure of the court to reinstate after the motion to reinstate was overruled by operation of law 75 days after April 4, 2023 (June 20, 2023). It appears that there was consistent reassurance from the trial court about ruling on the reinstatement motion; however, the appropriate action would have been to also file an appeal before the

5

deadline to do so passed, 90 days after the April 4, 2023 judgment (July 3, 2023). Tex. R. App. P. 26.1(a)(3); *see also* Tex. R. Civ. P. 329b(a). By the time relator's petition for writ of mandamus challenged the reinstatement order as being outside the bounds of the trial court's plenary power, Nguyen was beyond the deadline to appeal.

Concerning Nguyen's request for equitable relief, "If legal remedies were available but ignored, relief by equitable bill of review is unavailable." *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999). Furthermore, because plenary power is jurisdictional, equitable relief is unavailable. *Walker*, 597 S.W.2d at 915.

## Conclusion

Because the trial court's plenary power expired, the July 21, 2023 reinstatement order is void. We conditionally grant relator's petition for writ of mandamus and direct the trial court to vacate its July 21, 2023 order. The writ will issue only if the trial court fails to act in accordance with this opinion.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.